375 A.2d 132

COMMONWEALTH of Pennsylvania

v.

John GIBSON, Appellant.

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided June 29, 1977.

Patrick J. Mandracchia, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

The appellant contends that his right to a speedy trial under Pa.R.Crim.P. 1100 has been violated. We disagree and affirm the judgment of sentence.

■ On December 16, 1974, a criminal complaint was filed against the appellant charging him with burglary, robbery, and other related offenses. On May 15, 1975, the Commonwealth applied for an extension of time for trial alleging that it would be unable, despite its due diligence, to bring the appellant to trial within 180 days from the filing of the criminal complaint against him as required by Pa.R.Crim.P. 1100(a)(2).[1] On June 20, 1975, after a hearing,[2] the lower court granted the Commonwealth an additional period of sixty-eight days within which to commence trial. Trial eventually commenced on August 19, 1975, sixty-four days after June 16, 1975, the 180th day.

■ The appellant does not contest that the Commonwealth was entitled to additional time for trial, conceding that he was responsible for twenty-two days of delay. Instead, the appellant maintains solely that the remaining forty-six days should not have been included in the sixty-eight day extension because they represent a period when no courtrooms were available for trial. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court recently refuted this contention, ruling that an extension of time may properly be predicated upon

1. Pa.R.Crim.P. 1100 provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. The hearing on the Commonwealth's petition to extend was not transcribed. We urge the lower court to ensure that a transcript of all proceedings relating to a claim under Rule 1100 be made and placed in the record.

judicial delay. Unfortunately, however, our determination of the merits of this appeal is not finished. In *Mayfield*, the Supreme Court further explained that:

> "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield, supra,* 469 Pa. at 222, 364 A.2d at 1349–50.

The dissent, citing this portion of the *Mayfield*[3] decision, *see Commonwealth v. Lewis,* 247 Pa.Super. 46, 371 A.2d 1318 (1976) (dissenting opinion by Spaeth, J.), would have us remand this case to the lower court to establish a more complete record. Although more will certainly be demanded in cases arising after *Mayfield, Commonwealth v. Lewis, supra,* we find the present record sufficient to enable us to conclude that the lower court properly granted the prosecution an extension of time. Further hearings in the court below would engender only unnecessary expense and delay.

In its petition to extend, the Commonwealth avers that trial was scheduled to commence on May 15, 1975, but was continued until June 9, 1975, because no courtrooms were available. For this same reason, the case was continued again from June 9, 1975, until July 7, 1975.[4] Of this period of time, only the continuance from June 9, 1975, until July 7, 1975, is shown on the record[5] to have been caused by delay

3. The court below proceeded in the instant case prior to the supreme court decision in *Mayfield.*

4. We are confused as to the factual basis of the lower court's conclusion that the case was delayed for a period of forty-six days because of judicial delay. The appellant, however, does not dispute the correctness of the lower court's conclusion.

5. We refer to the notation appearing on Form 30–92 (Rev. 9/73), which is included in the record, that the case was continued during this period because no courtrooms were available. In *Common-*

attributable to the judiciary. The record is inconclusive as to whether the other periods of delay were caused by a lack of courtroom space.[6] The Commonwealth's petition to extend, however, was not predicated solely upon periods of judicial delay, but also upon periods of delay attributable to the appellant. The appellant concedes in his brief before this court that he was responsible for twenty-two days of delay. Since the appellant admits that he delayed the proceedings, the Commonwealth was clearly entitled to receive additional time for trial. The sole question before us therefore is whether the extension of time prescribed by the court below was so excessive as to violate the appellant's rights under Rule 1100. The appellant believes that the lower court could not properly grant an extension of time in excess of twenty-two days. We disagree with appellant's assertion.

■ Even if we were to assume, *arguendo*, that no delay other than that caused by the appellant was present in this case, the length of an extension is not determined solely by the length of delay shown to be beyond the control of the Commonwealth. The length of an extension is restricted only by the requirement that the extension be "reasonable, limited . . . specifying the date or period within which trial shall be commenced." *Commonwealth v. Mayfield, supra,* 469 Pa. at 220, 364 A.2d at 1348. We find that the sixty-eight day extension granted by the lower court was reasonable. The extension order specified the period within which trial was to begin. Moreover, although trial began on August 19, 1975, four days prior to the expiration of the sixty-eight day period, the record demonstrates that the lower court scheduled the case for trial on July 1, 1975, and on July 30, 1975,

*wealth v. Kollack,* 246 Pa.Super. 16, 369 A.2d 787 (1977), this court accepted similar notations on this form as establishing a definitive record in cases prior to *Mayfield.*

**6.** The record merely indicates that the case was continued during these periods because the defense requested a jury trial. No mention is made in the record as to whether a courtroom was available for trial.

but was unable to hear the case on either date because no courtrooms were available.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion in which CERCONE, J., joins.

SPAETH, Judge, dissenting:

For the reasons stated in my dissenting opinion in *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (J. 1159/76 1976), I believe this case should be remanded for consideration in light of the standards set out in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

CERCONE, J., joins in this opinion.