430 A.2d 302

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph SHARP.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed May 22, 1981.

Petition for Allowance of Appeal Denied Sept. 28, 1981.

315

Nancy D. Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Hugh C. Clark, Philadelphia, submitted a brief on behalf of appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

The Commonwealth contends that the lower court erred in concluding that the time for commencing trial was improperly extended pursuant to Pa.R.Crim.P. 1100(c). We agree and, accordingly, reverse the order of the lower court.

On October 23, 1978, the Commonwealth filed a criminal complaint charging appellee with various offenses arising from a robbery committed earlier that day. Thus, pursuant to Pa.R.Crim.P. 1100(a)(2), appellee's trial should have commenced on or before April 23, 1979. Appellee's trial was scheduled for March 19, 1979. On that date, however, appellee's newly retained counsel requested a continuance to prepare the defense. The court granted the continuance, whereupon appellee waived his rule 1100 rights until June 7, 1979. When appellee's case was called for trial on June 6, the Commonwealth advised the court that it could not proceed because the victim was not present due to a death in his family. Later that day, the Commonwealth filed a petition for an extension of time for commencement of trial pursuant to rule 1100(c). Following an evidentiary hearing conducted on June 20, 1979, the Commonwealth was granted an extension of time for trial until August 3, 1979. On July 23, 1979, appellee was tried before a different judge who found him guilty of simple assault, robbery, terroristic

threats, carrying a firearm on a public street, and possessing an instrument of crime. Appellee then filed post-verdict motions alleging, *inter alia,* that the Commonwealth had failed to show that it had exercised due diligence in attempting to secure the presence of the victim for trial before the June 7 run date. The trial court agreed and, accordingly, granted appellee's motion in arrest of judgment and ordered him discharged. This appeal followed.

■ " 'A court may grant the Commonwealth an extension of time for trial if it finds that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R.Crim.P. 1100(c)." *Commonwealth v. Miller,* 270 Pa.Super. 178, 182, 411 A.2d 238, 240 (1979). "The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c)." *Commonwealth v. Ehredt,* 485 Pa. 191, 193, 401 A.2d 358, 360 (1979). (citations omitted). In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *See Commonwealth v. Ehredt, supra,* 485 Pa. at 193, 401 A.2d at 360. "Thus, when witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control—the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted." *Commonwealth v. Sinor,* 264 Pa.Super. 178, 183 n.5, 399 A.2d 724, 727–28 n.5 (1979).

■ At the extension hearing, the victim, Marquis Chester, testified that he had personally spoken with an assistant district attorney on May 3, 1979, and had promised to appear at the trial scheduled for June 6, 1979. Although he had received a subpoena to appear on June 6, he decided not to do so because he chose to attend his aunt's funeral in

Salsbury, Maryland. Mr. Chester testified further that he requested his mother to call the district attorney's office and inform them that he would not appear because of the unavoidable family emergency. Additionally, the assigned assistant district attorney testified that on June 1 he had made numerous telephone calls in an effort to remind Mr. Chester of the forthcoming trial and that he had left a message for him with the superintendent of his apartment complex. The assistant district attorney testified also that at 9:10 a. m. on the morning of trial, he received a telephone message that Mr. Chester would not appear due to a death in the family.

The Commonwealth contends that the foregoing facts establish its due diligence. We agree. The record amply shows that the Commonwealth made reasonable efforts to secure Mr. Chester's presence on June 6. The record also shows that his failure to appear for trial on June 6 was wholly beyond the Commonwealth's control. Consequently, we conclude that the rule 1100 hearing judge properly extended the time for trial pursuant to rule 1100(c).* Accordingly, we must reverse the order of the trial court and remand for further proceedings.

Order reversed. Case remanded for further proceedings.

* In granting appellee's motion in arrest of judgment, the trial judge focused upon three instances when the witness had not appeared for trial. On February 9 and May 3, the Commonwealth was granted continuances because Mr. Chester failed to appear. Mr. Chester was not present on the morning of March 19 when, as noted above, the defense was granted a continuance. While a witness' repeated failures to appear for scheduled trial dates may be relevant in determining the reasonableness of the Commonwealth's efforts to secure his presence for trial, the Commonwealth does not have to establish that it had exercised due diligence in attempting to secure the presence of the witness on prior trial dates for which it did not seek a rule 1100(c) extension. The relevant inquiry at the extension hearing was the Commonwealth's due diligence in bringing appellee to trial on June 6. The evidence adduced at the hearing demonstrated that the Commonwealth's efforts were thwarted by the witness who chose not to appear for wholly personal reasons. Under these circumstances, the trial judge erred in concluding that the time for commencing trial had been improperly extended.