462 A.2d 725

**COMMONWEALTH of Pennsylvania**

**v.**

**James HARRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1982.

Filed June 17, 1983.

Mary Willmann, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P.J., and CAVANAUGH, ROWLEY, WIEAND, McEWEN, CIRILLO and MONTEMURO, JJ.

McEWEN, Judge:

Appellant was convicted of theft by receiving stolen property[1] and unauthorized use of automobile[2] following a non-jury trial before Judge Michael E. Wallace who then proceeded to grant the motion of appellant for a new trial and to deny the motion in arrest of judgment. Appellant brought this appeal from the denial of his motion in arrest of judgment.[3] We affirm the order of the Common Pleas Court.

Appellant contends that he is entitled to be discharged since the Common Pleas Court erred when it granted a Commonwealth petition to extend the time for commencement of trial filed pursuant to Pa.R.Crim.P. 1100(c), for the reason that the finding by the court of due diligence on the part of the Commonwealth was predicated upon the consideration by the court of uncontested court records and of representations of counsel during an extension hearing. The issue appellant presents is whether the court, in determining whether the Commonwealth has exercised the due diligence required by Rule 1100(c), may during an extension hearing take judicial notice of uncontested court records. A

1. 18 Pa.C.S.A. § 3925.

2. 18 Pa.C.S.A. § 3928.

3. Although the order appealed from is interlocutory, such an order is appealable when a new trial has been granted. Pa.R.A.P. 311(a)(5); *See Commonwealth v. Liddick,* 471 Pa. 523, 370 A.2d 729 (1977); *Commonwealth v. Nugent,* 291 Pa.Super. 421, 423 n. 3, 435 A.2d 1298, 1299 n. 3 (1981); *Commonwealth v. Chenet,* 237 Pa.Super. 226, 352 A.2d 502 (1975), *rev'd on other grounds,* 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Fox,* 181 Pa.Super. 292, 124 A.2d 628 (1956).

thorough consideration of this issue necessitates, of course, that we also consider the principles applicable to the concept of judicial delay under Rule 1100.

Appellant was arrested on February 6, 1979, and, on the same day, a complaint was filed charging him with auto theft and unauthorized use of auto. The calendar run date under Rule 1100 was, therefore, August 6, 1979.[4] The preliminary hearing was held on February 23, 1979 and appellant was held for court. A hearing on the motion of appellant to suppress physical evidence was held on May 30, 1979 and, at the conclusion of the hearing, Judge Nicholas A. Cipriani denied the motion and recused himself. The matter was next listed for July 13, 1979, before Judge Thomas N. Shiomos who recused himself after the assistant district attorney informed him that appellant had been found guilty of certain charges after a jury trial over which he had presided some six years earlier. At that proceeding, Judge Shiomos reviewed the file, indicated that he remembered appellant and proceeded to: (1) recuse himself; (2) note that the recusal posed a Rule 1100 problem; (3) note the need that the case be relisted for the "earliest date possible"; (4) note the unavailability of criminal court rooms; and (5) determine that the earliest possible date for the trial was August 15, 1979. Since the trial date of August 15 was beyond the August 6 run date, the Commonwealth filed, on July 17, 1979, a petition for extension of time within which to commence trial under Rule 1100(c)[5];

4. Since the 180th day fell on Sunday, August 5, 1979, it was properly omitted from computation in ascertaining the run date. 1 Pa.C.S.A. § 1908.

5. The text of Rule 1100(c) as was then in effect provided:
   Rule 1100. Prompt Trial.

   . . . . .

   (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such applica-

appellant responded by filing, on August 1, 1979, an answer to the petition for extension and a motion to dismiss the charges under Rule 1100(f). A hearing was held on August 2, 1979 upon the Commonwealth petition to extend at the conclusion of which Judge Edward J. Blake extended the run date to August 17, 1979. Appellant in this appeal claims that the Commonwealth did not present such evidence of its due diligence in attempting to bring the accused to trial promptly as to warrant the grant of an extension.

■ As we review a ruling of the Common Pleas Court that the Commonwealth has or has not met its burden of proving its due diligence in bringing an accused to trial promptly, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *Commonwealth v. Bright*, 303 Pa.Super. 98, 449 A.2d 596, 598 (1982); *Commonwealth v. Sharp*, 287 Pa.Super. 314, 317, 430 A.2d 302, 304 (1981). *See also Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979); *Com-*

tion shall specify the date or period within which trial shall be commenced.

In its present form, Rule 1100(c), (as amended October 22, 1981, effective January 1, 1982) conforms with the requirements of *Commonwealth v. Mayfield, infra* and provides:

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

*monwealth v. Mitchell,* 472 Pa. 553, 564, 372 A.2d 826, 831 (1977); *Commonwealth v. Reiss,* 301 Pa.Super. 96, 447 A.2d 259 (1982); *Commonwealth v. Hill,* 290 Pa.Super. 399, 401, 434 A.2d 813, 814 (1981).

Appellant failed to present any testimonial evidence at the extension hearing held August 2, 1979, although the Commonwealth offered into evidence the record of the case containing the notations made by the trial judge at all prior listings of the case. The notations were carefully reviewed by the hearing judge during the extension hearing and were supplemented with explanatory representations of the assistant district attorney and the public defender, each of whom relied on the notations in the record in presenting their respective arguments. Judge Blake was able to conclude, on the basis of the notations in the record, that there were three continuances for which the court was responsible, one defense continuance and no Commonwealth continuances.[6] Thus, while it appears that the due diligence of the Commonwealth is the basic issue, it seems our analysis must focus, as well, upon the facts of and law applicable to the judicial delay encountered by the parties.

**6.** The text of the extension hearing held August 2, 1979 is as follows:
THE COURT: · I have 2–6 normal run date of 8–6.
· Commonwealth petition filed 7–17. Timely filed.
· 2–13 to 2–22, voluntary defender unprepared. Less than 30 days.
· Not chargeable, 4–19 5–30, wrong defendant brought down.
· 5–30—7–13, motion to suppress denied. Judge Cipriani recused himself.
· 7–13—8–15, Judge Shiomos recused himself had defendant previously on a jury trial.
· It would appear that there are three court continuances and one defense continuance. No Commonwealth continuance, as far as I can ascertain from this record.
CEPPARULO: · Your Honor, our indication for July 13, is that Judge Shiomos recused himself upon the advice of the district attorney who advised him that he had had the defendant prior.
THE COURT: · Well, nevertheless, it was Judge Shiomos' decision. It wasn't a Commonwealth continuance, it was Judge Shiomos who continued it.
GALLAGHER: · We were ready on call.
CEPPARULO: · We also moved in this case to relist the case.
THE COURT: · Well, again, that would be the court's fault.
· Based on the entire record I will find due diligence. The listing is now 8–15. We will make it August 17.

There is no question but that "a court may grant the Commonwealth an extension of time within which to commence trial if it finds the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R.Crim.P. 1100(c). *Commonwealth v. Bright, supra* 303 Pa.Super. at 102, 449 A.2d at 598; *Commonwealth v. Sharp, supra* 287 Pa.Super. at 317, 430 A.2d at 304 (1981). The Pennsylvania Supreme Court made just as clear in *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), that, while judicial delay can be the basis for an extension of time within which to commence trial, an extension may be granted

> only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Id.,* 469 Pa. at 222, 364 A.2d at 1349–50.

We conclude that, in the instant case, the specific requirements of *Mayfield* have been met. Although it is clear that "mere assertions of due diligence and unproven facts do not establish cause for an extension under Rule 1100(c)", *Commonwealth v. Ehredt, supra* 485 Pa. at 195–96, 401 A.2d at 361, *quoting Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 536, 390 A.2d 1366, 1367 (1978), we believe that a hearing court may properly take judicial notice of uncontested notations in the court record in deciding both issues, namely, whether the Commonwealth has exercised due diligence in attempting to bring an accused to trial and, whether the requirements necessary to warrant an extension on the basis of judicial delay as defined by *Mayfield* and Rule 1100(c) have been met. We have, of course, previously held that it is proper for a hearing court to accept such records in making a determination of the due diligence of the Commonwealth. *See Commonwealth v. Bright, supra; Commonwealth v. Postell,* 280 Pa.Super.

550, 421 A.2d 1069 (1980); *Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979); *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977).

The court records in this case reveal that it is beyond dispute that the Commonwealth had exercised due diligence through July 13, 1979, when the case was called for trial before Judge Shiomos, since none of the three continuances through that date were chargeable to the Commonwealth, a fact noted by Judge Blake at the hearing of August 2, 1979.[7] We note that the Commonwealth alleged with regard to that issue, in its petition to extend filed July 17, 1979, that the prosecution had been ready to proceed on the occasion of the three earlier scheduled trial dates and that these allegations were generally denied in the answer of appellant to that petition. We note, as well, that counsel for appellant did not question the specific representation of the Commonwealth at the extension hearing of August 2, 1979, that it had been ready to proceed to trial on each of the three earlier scheduled trial dates, but, instead, merely expressed a general assertion that the Commonwealth had failed to establish the exercise of due diligence in bringing appellant to trial.

We next proceed to study both the reason why the case did not proceed to trial as scheduled on July 13, 1979, and the delay that thereafter ensued. When the case was called for trial on that date before Judge Shiomos, the assistant district attorney advised Judge Shiomos that he had presided over a prior jury trial in which appellant had been found guilty on certain charges and requested that the trial judge recused himself so as to serve the interest of justice and to ensure appellant a fair trial. Counsel for appellant did not object to the request but appeared from the record to have

7. The first continuance was requested by the public defender, while the second and third were charged to the court, the second because the wrong defendant was transported from the prison for the trial and the third when Judge Cipriani recused himself after denying the motion of appellant to suppress.

acquiesced in the suggestion. We will not accept the contention of appellant that the request of the assistant district attorney that the judge recuse himself was a deliberate attempt to delay the trial or that it was evidence of the lack of due diligence on the part of the Commonwealth. There is no basis to question the request for recusal in view of the expressed motive of the Commonwealth that the request was made to assure that appellant received a fair and impartial trial; in fact, it is not difficult to envision that, had the defendant suffered an adverse result in the trial that had been scheduled before Judge Shiomos, the post-trial motions of appellant would include the assertion that it was error for the trial to have been conducted by Judge Shiomos.

Therefore, we conclude that the delay in the scheduled trial date from July 13, 1979, through August 15, 1979, a date some nine days beyond the 180 day run date, cannot in any fashion be attributed to a lack of due diligence on the part of the Commonwealth. Since, however, the date of August 15, 1979, was nine days beyond the run date, it remains for us to determine whether the further requirement of *Mayfield, supra,* was met, namely, that the record show in cases where the court is unable to bring the defendant to trial within the prescribed period, the causes of the delay and the reasons why the delay could not be avoided. The record amply demonstrates the cause of the delay and the reason why it could not be avoided, since Judge Shiomos found, as we earlier discussed, the lack of available criminal courtrooms precluded a trial date sooner than August 15 and Judge Blake by implication confirmed that fact at the hearing on August 2, 1979.[8]

8. While the matter of judicial delay was not actually addressed by Judge Blake upon the record of the extension hearing of August 6, 1979, the transcript of the proceedings of July 13, 1979, before Judge Shiomos demonstrates that Judge Shiomos considered this *Mayfield* requirement before he relisted the case for what he determined was the earliest available trial date.

■ We next consider the events surrounding the postponements of the trial from August 15, 1979, through September 10, 1979. When Judge Shiomos recused himself, he certified that the next available date for appellant's trial was August 15, 1979, and listed the case for trial on that date in Court Room No. 436 in City Hall. A prisoner bring-up form was subsequently prepared by the Clerk of Quarter Sessions in order to instruct the sheriff to transport appellant from the prison to City Hall for his trial on August 15. However, on August 7, 1979, the Trial Coordinator for the Philadelphia Court of Common Pleas forwarded a memo to all parties involved in the case that the place of trial was to be changed from Court Room No. 436 City Hall to Court Room No. 432 and that the trial date was to be advanced to August 14, 1979, one day earlier than the previously scheduled trial date of August 15 and the date for which the "bring up" had been prepared. A revised "bring up" order for August 14, 1979, was never prepared by the office of the Trial Coordinator and, as a consequence, James Harris was never brought from prison to the court on August 14, 1979. Since the prisoner was not brought to court for trial on August 14, the court continued the trial until the following week, specifically, August 22, a postponement that cannot be considered to be unreasonable in view of the large volume of criminal cases administered by the criminal court system of Philadelphia County. As a result, the Commonwealth filed, on August 15, 1979, a second petition for extension under Rule 1100 since the court on August 14 had ordered the case continued until August 22, 1979, a date which was several days past the first extension deadline date of August 17, 1979. While ultimate responsibility for the delay occasioned by this administrative breakdown may be attributable to the criminal justice system and more specifically to the office of the Trial Coordinator, we determine that the nature of this administrative oversight is not such judicial delay as is contemplated by *Mayfield*. Furthermore, we hold this

lapse does not demonstrate any lack of due diligence on the part of the prosecution.

■ Nor do we believe that the failure of the Commonwealth to attempt to have the matter relisted for trial between August 14 and the August 17 extension deadline was a demonstration of a lack of due diligence. Rather, the direction of the court on August 14 that the matter be continued and be scheduled for trial on August 22 was a matter exclusively within the control of the trial judge. *Commonwealth v. Wroten*, 305 Pa.Super. 340, 345, 451 A.2d 678, 681 (1982). The extension deadline of August 17 was tolled, of course, by the petition for extension filed by the Commonwealth on August 15, 1979. While it is true that every effort should be made to conform to the better practice of providing for disposition of a petition for extension prior to the expiration of the deadline, it is certainly clear that the prosecutor and the court handled this case in an alert and expeditious fashion but were precluded, by the circumstances of the case, from conducting the extension hearing prior to the expiration of the deadline.

At the next listing of the case, on August 22, 1979, the defense requested a continuance within which to file a petition to dismiss the charges against appellant and the court consequently rescheduled the trial for September 10, 1979. The petition of the Commonwealth to extend the time for trial and the defense petition to dismiss the charges were consolidated for disposition at a hearing on September 6, 1979 before the distinguished Judge Ned L. Hirsch, who granted the extension petition and extended the rule to September 12, 1979, effectively denying the petition to dismiss. The trial ultimately commenced and concluded on September 10, 1979.

■ We conclude that this period of delay between August 22 and September 10, 1979, was caused neither by a lack of due diligence on the part of the Commonwealth nor by the inability of the court to try the accused, specifically, judicial delay. Rather, this period of delay was the result

of the continuance requested by the defense to enable (1) counsel to prepare and file a petition to dismiss under Rule 1100(f) and (2) the court to schedule a hearing thereon. We cannot hold that the Commonwealth failed to proceed with due diligence either prior to or throughout this period since the record of the combined hearing reveals that despite diligent efforts, the Commonwealth could not bring appellant to trial on August 14, 1979 or August 22, 1979, although it was ready to proceed to trial on both of these dates and had been ready to proceed to trial on several listing dates prior to the original run date of August 6, 1979. Our conclusion that the Commonwealth proceeded with due diligence is strengthened by the fact that the public defender was unable to express any opposition to this expressed position of the Commonwealth at the second and final extension hearing. Thus, we do not believe that the hearing judge erred when he found that the Commonwealth had exercised due diligence. Since we earlier concluded that administrative oversight and not judicial delay was the cause of the continuance of the trial from August 14 through August 22, 1979, and have also concluded that the delay from August 22 through September 10 resulted from the effort of defense counsel to proceed with its petition to dismiss under Rule 1100, we need not consider whether the requirements of *Mayfield, supra,* were met.

We conclude, therefore, that all periods of delay beyond the mandatory period, namely, August 6, 1979, were properly justified by the grant of the two extensions under Rule 1100(c). *See Commonwealth v. Shelton,* 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976). We affirm the order of the Common Pleas Court which denied the motion of appellant in arrest of judgment and remand for a new trial in accordance with the order of the Common Pleas Court.

Order affirmed.

WIEAND, J., concurs in the result.