468 A.2d 775

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Glen KITE.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1981.

Filed Nov. 10, 1983.

As Amended on Reconsideration
Dec. 30, 1983.

412

Nancy D. Wasser, Assistant District Attorney, Philadelphia for Commonwealth, appellant.

Phyllis H. Subin, Assistant Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

CAVANAUGH, Judge:

The Commonwealth appeals from the order of April 16, 1980, that granted appellee's motion in arrest of judgment and discharged appellee because his Rule 1100 [1] rights had been violated. For the following reasons, we reverse the order of the lower court discharging the appellee.

On July 20, 1979, a complaint was filed against appellee on charges of theft, robbery, and criminal conspiracy. The run date under Rule 1100 was, therefore, January 16, 1980.

The preliminary hearing for appellee and two co-defendants was scheduled for July 24, 1979; but it was continued until August 7, 1979, so counsel could be appointed for a co-defendant. On August 7, 1979, the co-defendant's counsel did not appear, so the hearing was continued until August 14, 1979. On the aforesaid date, a co-defendant's attorney was ill, and the hearing was continued to August 28, 1979. On that date, when a co-defendant was not brought to the courtroom, the Commonwealth moved to sever. The court denied the Commonwealth's motion and continued the case until September 4, 1979, when the preliminary hearing was finally conducted.

---

1. The pertinent section of Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A., states: Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.
Rule 1100(a)(2).

The case was scheduled for a status report and informal discovery on September 27, 1979; however, the case was continued October 17, 1979, because a co-defendant's attorney was unavailable.

Although trial was scheduled to commence on December 13, 1979, the case was continued to February 5, 1980, because a co-defendant did not appear. A petition to extend under Rule 1100(c) was filed by the Commonwealth on December 14, 1979; and a hearing on the petition was conducted on January 18, 1980.

At the hearing on January 18, 1980, the lower court granted the Commonwealth's petition and extended the rule to February 7, 1980. The court also excluded, under Rule 1100(d),[2] the 14-day period from July 24, to August 7, 1979. On February 5, 1980, appellee's case was severed; and he was tried without a jury and adjudged guilty of all charges. Appellee filed a motion for a new trial and a motion in arrest of judgment. The court granted the motion in arrest of judgment and discharged appellee.

Pa.R.Crim.P. 1100(c) provides, in pertinent part, as follows:

> At any time prior to the expiration of the period for commencement of trial the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial ... *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.* Any order granting such application shall specify the date or period within which trial shall be commenced. (Emphasis added).

**2.** Pa.R.Crim.P., Rule 1100(d), 42 Pa.C.S.A., states:
In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be excluded.

■ The Commonwealth argues that the post-verdict court erred in reversing the order of the pre-trial court, which granted appellee's Rule 1100(c) extension. We agree.[3]

*Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), established the requirements with which the Commonwealth must comply before the court may grant a Rule 1100(c) extension:

> Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

Id., 469 Pa. at 222, 364 A.2d at 1349–1350.

Since there is no dispute that the petition was timely filed, *Commonwealth v. Jenkins,* 248 Pa.Super. 300, 375 A.2d 107 (1977), the only question to be resolved in this appeal is whether the Commonwealth otherwise exercised due diligence. *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Jenkins, supra; Commonwealth v. Hagans,* 242 Pa.Super. 393, 364 A.2d 320 (1976), aff'd 482 Pa. 572, 394 A.2d 470 (1978).

In deciding whether the lower courts acted properly on the Commonwealth's petition to extend, we must examine the rulings in light of the following principle:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). *Cf. Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell,*

---

**3.** The lower court's opinion correctly holds that the 14-day period from July 24 to August 7, 1979, during which counsel was to be appointed for co-defendant, was not excludable against appellee. See *Commonwealth v. Hagans,* 242 Pa.Super. 393, 395, 364 A.2d 328, 330 (1976), *aff'd,* 482 Pa. 572, 394 A.2d 470 (1978).

472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra. *Commonwealth v. Ehredt, supra* [485 Pa.] at 194, 401 A.2d at 360.

*Commonwealth v. Freeman*, 280 Pa.Super. 462, 468–69, 421 A.2d 814, 817 (1980).

■ We also recognize that while it is clear that the unavailability of co-defendant's counsel is a relevant factor in determining whether an extension should be granted, *see Commonwealth v. Jenkins, supra*, it has been established that bare statements by the Commonwealth's attorney as to witnesses' unavailability, without more, do not establish due diligence within the standards outlined in Pa.R.Crim.P. 1100(c). *See Commonwealth v. Ehredt, supra; Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979).

■ In any event, the district attorney here has done more than make bare assertions of the unavailability of co-defendant's counsel. In the instant case we are dealing with an uncontroverted matter of record, the transcript of the hearing on the Commonwealth's petition to extend under Rule 1100, as evidence to establish the Commonwealth's due diligence. Our review of the entire record indicates the lower court properly relied upon the notes in the Quarter Session file in determining due diligence. *See Commonwealth v. Jackson*, 269 Pa. at 252–254, 409 A.2d at 875 (1979). The record reflects that the case was listed for trial on four different dates but was continued due to the unavailability of co-defendant's counsel. Furthermore, the record shows that the Commonwealth had previously been denied its only alternative of severance, albeit at a preliminary hearing stage, by the lower court. *Commonwealth v.*

*Hagans, supra.* These are facts of record[4] not mere unproven assertions.

Thus the Commonwealth should not have been precluded from retaining the requested extension by the post-trial court. Since the Commonwealth timely filed a petition to extend due to the fact it was precluded from severing by an earlier order, demonstrated due diligence, and appellee was tried at the earliest date following the petition to extend, we find the lower court erred in granting appellee's motion in arrest of judgment and discharging appellee.

The order of the lower court is reversed and the matter is remanded to the lower court for disposition of outstanding post-verdict motions. Jurisdiction is relinquished.

**4.** The facts which precluded the Commonwealth from trying appellee within 180 days are an uncontradicted part of the record [Quarter Session file] in this case.

A hearing court may properly take judicial notice of uncontested notations in the court record in determining whether the Commonwealth has exercised due diligence in attempting to bring an accused to trial. *Commonwealth v. Harris,* 315 Pa.Super. 544, 462 A.2d 725 (1983). The record in this matter indicates that Judge Hirsh thoroughly reviewed the notations on the Quarter Sessions file in granting the Commonwealth's extension. Furthermore, we have determined that there was no actual controversy regarding the accuracy of the mentioned notations based upon the text of the extension hearing.