482 A.2d 643

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Joseph M. LAFTY.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1984.

Filed Sept. 28, 1984.

430

Gaele McGlaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Gilbert E. Toll, Philadelphia, for appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, CIRILLO, BECK, POPOVICH and HESTER, JJ.

HESTER, Judge:

Appellee, Joseph M. Lafty, was charged with simple assault, aggravated assault, possession of an instrument of

crime-generally, possession of an offensive weapon, and criminal conspiracy as a result of the severe beating of Ronald Thomaston on June 8, 1979 on an elevated public transportation platform at Kensington and Allegheny Avenues in Philadelphia. Appellee accosted the victim uttering a disparaging racial remark and then proceeded to beat him with a "two by four" board. The victim did not provoke the actions of appellee and his companions. Mr. Thomaston underwent surgery on his right elbow, casts were applied to his fractured arms and he remained in Germantown Hospital for ten days. His arms were fractured as he repelled blows to his head and rib cage.

Following a non-jury trial on January 30, 1980, appellee was found guilty of aggravated assault and criminal conspiracy. Appellee's post-verdict motions alleged that the trial court erred in granting the Commonwealth's petition for an extension of the trial date under Pa.R.Crim.P. No. 1100. On July 15, 1980, following a brief hearing, the lower court agreed with appellee that his speedy trial rights were violated. Accordingly, appellee was discharged. The Commonwealth filed this appeal.

Criminal charges were filed against Mr. Lafty on the day of the crime, June 8, 1979. As a result, the original estimated run-date for trial under Rule 1100(a)(2) was December 5, 1979. The preliminary hearing was scheduled for June 13, 1979; however, a continuance to July 13, 1979 was necessary due to the victim's unavailability as he remained a patient at Germantown Hospital. The preliminary hearing did take place on July 13, 1979, and appellee was bound for court on all charges.

On September 18, 1979, the first trial date, appellee requested a continuance in order to locate a defense witness. This was granted and trial was continued to October 29, 1979. On this latter date, trial was again continued to December 11, 1979; the complainant was undergoing oral surgery and was unable to appear. Recognizing that the December 11th date extended beyond the original estimated run-date, the court questioned appellee as to whether he

was willing to waive his rights under Rule 1100. Appellee agreed to do so and signed a boiler-plate written form to memorialize the waiver.

On December 11, 1979, the complainant arrived late for court. He was not available earlier that day; therefore, trial was continued for a third time. On the following day the Commonwealth filed a petition for extension under Rule 1100(c), alleging that fifty-four days were excludable from the one-hundred-and-eighty-day period between the filing of the complaint and commencement of trial, and that it had exercised due diligence in promptly prosecuting appellee. The lower court conducted a hearing on this petition for an extension on January 14, 1980. Oddly enough, appellee did not file an answer and accompanying motion to dismiss in response to that petition until January 18, 1980, four days following the hearing. In extending the run-date to January 28, 1980, the court agreed that fifty-four days were excludable. Trial was scheduled for and did commence on January 30, 1980, two days beyond the recomputed run-date. The court believed that January 30th was the earliest available date for trial despite the Commonwealth's exercise of due diligence.

The Commonwealth's primary contention on appeal is that appellee waived his right to speedy trial. With respect to this waiver argument, the Commonwealth contends 1) that appellee did not pursue his Rule 1100 rights at any time during the pre-trial stage; 2) that appellee raised no objection at the hearing on the petition for an extension while the lower court re-computed the run-date as January 28, 1980; 3) that appellee insufficiently raised a brief and general objection to the lower court's finding of due diligence at that hearing; and 4) that appellee's answer and motion to dismiss, containing specific objections to the run-date extension and the Commonwealth's allegation of due diligence, were not filed until four days following the Rule 1100 extension hearing. The Commonwealth further alleges that it exercised due diligence throughout the proceed-

ings; therefore, any delays in instituting trial were not attributed to its preparation.

As we are aware of the opinion that the Commonwealth continuously exercised due diligence in attempting to bring appellee to trial, it is not necessary to address whether appellee waived his Rule 1100 rights. The order is therefore reversed, judgment of sentence is reinstituted and the matter remanded for resentencing.

■ Although Rule 1100(a)(2) requires the commencement of trial no later than one hundred and eighty days following the filing date of the written criminal complaint, certain days can be excluded from this period so that trial may actually occur beyond one hundred and eighty days from the filing date. This proviso is set forth in Rule 1100(d) as follows:

(d) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of defendant or his attorney.

The first trial continuance was granted at appellee's request. For the purpose of giving appellee an opportunity to locate a defense witness, trial was continued from its original date of September 18, 1979 to October 29, 1979. Under the present wording of Rule 1100(d), the entire forty-one day period from September 18th to October 29th would be excludable from the run-date calculation. However, the lower court properly excluded only eleven days

due to the fact that Rule 1100(d)(2), as it existed at the time of the lower court proceedings, provided for the exclusion of any period resulting from "any continuance in excess of 30 days granted at the request of the defendant or his attorney, provided that only the period beyond the 30th day shall be excluded." The eleven-day exclusion moved the run-date to December 16, 1979.

The lower court excluded an additional forty-three days from the period for commencement of trial as a result of appellee's signing a written waiver of Rule 1100 rights on October 29, 1979. This waiver contained standard pre-printed language and provided blank spaces for the original run-date, reasons for the continuance, and extended date for trial. Although the form was executed by appellee, his counsel, the prosecutor and the presiding judge, none of the blank spaces was completed. Apparently, the lower court did not consider that a critical defect; instead, the court looked to the colloquy conducted at the time the waiver was signed to determine whether the waiver was intelligently, knowingly and voluntarily made. With the addition of these forty-three days, the run-date became January 28, 1980. We agree with appellee that the validity of this written waiver is in question. We need not, however, address this issue. We are satisfied, given the December 16th run-date, that the Commonwealth presented a timely petition to extend and attempted with due diligence to bring appellee to trial prior to the actual trial date of January 30, 1980.[1]

In reviewing whether a lower court properly ruled that the Commonwealth has or has not met its burden of proving due diligence in a Rule 1100 extension hearing, we

1. Contrary to appellee's position, the Pennsylvania Supreme Court decisions in *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), are not applicable. Those opinions provide for the Commonwealth's proof, prior to a grant of a petition to extend the trial date, of its exercise of due diligence and that the actual trial date is the earliest date available. This two-pronged burden of proof applies only where delay is judicially-caused. There is no evidence here of judicial delay.

are limited to considering evidence presented by the Commonwealth and uncontradicted evidence presented by the defendant. *Commonwealth v. Bright,* 303 Pa.Super. 98, 449 A.2d 596 (1982); *Commonwealth v. Sharp,* 287 Pa.Super. 314, 430 A.2d 302 (1981). To carry its burden of proving due diligence, the Commonwealth must do more than merely allege due diligence. Evidence must be presented and allegations proven. *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 390 A.2d 1366 (1978); *Commonwealth v. Porter,* 251 Pa.Super. 346, 380 A.2d 812 (1977).

Here, the Rule 1100 extension hearing on January 14, 1980 did not consume more than five minutes. In fact, no testimony was presented; only the statements of the court, defense counsel and prosecutor appear of record. Nevertheless, evidence of due diligence was elicited as the court read notations from the record. In doing so, it noted 1) a continuance of the preliminary hearing from June 13, 1979 to July 13, 1979 due to the complainant's hospital confinement; 2) the defense request for a trial continuance from September 18, 1979 to October 29, 1979; 3) a second trial continuance from October 29, 1979 to December 11, 1979 as a result of the complainant's oral surgery; and 4) the trial continuance from December 11, 1979 to January 30, 1980 due to the complainant's late arrival in court. These court notations were not challenged by appellee.

In *Commonwealth v. Bright, supra,* this Court was similarly confronted with reviewing an extension hearing where the defendant offered no evidence and the Commonwealth simply offered notations of record made earlier by the court upon granting two continuances due to the unavailability of the complainant on one occasion and the arresting officer on another. In near categorical fashion, the *Bright* court upheld the sufficiency of court notations in lieu of testimonial or other evidence to demonstrate the Commonwealth's exercise of due diligence. See also *Commonwealth v. Gibson,* 248 Pa.Super. 348, 375 A.2d 132

(1977) and *Commonwealth v. Kollock,* 246 Pa.Super. 16, 369 A.2d 787 (1977).

The *Bright* position was maintained by this Court in *Commonwealth v. Harris,* 315 Pa.Super. 544, 462 A.2d 725 (1983). Four prior listings and accompanying court notations were reviewed by the hearing judge at the extension hearing. Each of the listings resulted in a continuance of the trial date. Once again, the *Harris* court, in similarly terse fashion, recognized the propriety of a hearing court in using court records in determining due diligence.

■ It enhances our disposition of the instant matter to consider the treatment which *Bright* and *Harris* accorded other issues following their recognition of the sufficiency of court notations. For example, in *Bright,* the first continuance was granted to accommodate the vacationing complaining witness'. When the arresting officer went on vacation, a second continuance was granted. It was of no consequence to the *Bright* court that a witness' unavailability was the result of "vacation, illness or other reasons...." So long as the witness' unavailability is through no fault of the Commonwealth, a finding of due diligence is warranted and an extension of trial is proper. Here, trial was continued when the complainant was undergoing oral surgery and again when he was late for trial. Insofar as the surgery and tardiness were not due to the Commonwealth's failure to subpoena or notify the complainant of trial, there was no evidence of lack of due diligence. Furthermore, there was no evidence that the Commonwealth knew or had reason to know that the complainant would be unavailable on those two trial dates.

■ Also, in *Harris* and *Bright,* no evidence was submitted by the defendant at the extension hearing. Instead, the defendant asserted quite generally that the Commonwealth did not demonstrate due diligence. Here, upon the hearing court's pronouncement of the January 31, 1979 extension date, appellee's counsel retorted: "I object to the finding of due diligence." N.T. p. 3, January 14, 1980.

This too amounts to nothing more than an innocuous objection to the court's reliance on notations of record. It is evident, then, that where due diligence is founded upon uncontroverted matters of record, appellate review will result in affirmance. *Commonwealth v. Kite*, 321 Pa.Super. 411, 468 A.2d 775 (1983).

In finding the Commonwealth to have exercised due diligence, we note the Pennsylvania Supreme Court's policy consideration in *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981):

In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crimes and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308, note 4 (1979). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth. *Commonwealth v. Genovese*, 493 Pa. at 70, 425 A.2d at 370.

Accordingly, we reverse, reinstate the judgment of sentence and remand for sentencing. Jurisdiction relinquished.

SPAETH, President Judge, files a concurring opinion.

SPAETH, President Judge, concurring:

I do not agree with the majority's conclusion that the Commonwealth's extension petition was properly granted. In my view the Commonwealth failed to prove that it was entitled to an extension. However, I believe that appellee has waived the insufficiency of the Commonwealth's proof. I also find no merit in appellee's argument that his counsel was ineffective. I therefore concur in the majority's order.

-1-

The majority states that upon application for extension of the Rule 1100 run date, the Commonwealth need not prove that the scheduled trial date is the earliest date available

unless the extension is sought on the basis of judicial delay. At 434 n. 1. This statement is contrary to my understanding of the requirements of Rule 1100. Although *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), was a case of judicial delay, the rule it announced was a general rule, applicable to all cases:

> Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Id.*, 469 Pa. at 221–222, 364 A.2d at 1349–1350.

Thus the Commonwealth must always prove both its due diligence *and* that the trial was scheduled for the earliest date consistent with the court's business. The proviso does not *limit* the earliest date requirement but instead *adds* to that requirement the further requirement that when the Commonwealth claims judicial delay, its proof must meet certain standards. This interpretation has been applied in practice, *see Commonwealth v. Donaldson*, 334 Pa.Super. ——, 483 A.2d 549 (1984) (en banc); *Commonwealth v. Delpiano*, 290 Pa.Super. 510, 434 A.2d 1260 (1981), and is included in Rule 1100 itself, Pa.R.Crim.P. 1100(c)(4). I find no authority for the majority's position, and note that the majority cites none. It therefore is necessary, I submit, to consider whether the Commonwealth did meet the earliest possible date requirement.

When trial was continued on December 11, 1979, the trial date was continued to January 30, 1980. The majority opinion remarks that the judge who presided over the extension hearing on January 14, 1980, and who granted an extension, "believed that January 30th was the earliest available date for trial ...." At 645. Not only do I find no such statement by the judge in the extension hearing tran-

script,[1] there is no evidence on the basis of which the judge could have made this statement. The Commonwealth did not present any testimony to show that the assistant district attorney who was present on December 11 asked for the earliest possible date; nor was there any testimony concerning scheduling procedures; nor was the judge asked to take judicial notice of scheduling procedures or court backlog.

At the extension hearing, the judge recited the history of the case from the court file. There is a note on the form showing the history of the case that on December 11 "Comm wit Fta" (the Commonwealth witness failed to appear) and that the case was continued to January 30, and there is a copy of a bench warrant issued on December 11 to the complaining witness, but there is no notation anywhere that January 30 was the earliest possible date. Nor is there any transcript of the December 11 proceeding at

**1.** The entire transcript is as follows:

MS. WIDMAN: [counsel for appellee] We have an answer we will have to file. It's not objected to.

THE COURT: This is Commonwealth versus Lafty. The complaint date is 6–8–79. The run date is 12–5–79. On 6–13, the complainant was in the hospital; no excludable days. On 7–13, the defendant was held for Court. On 7–27, there was a bail arraignment. On 9–18 to 10–29, a defense continuance. The defense needed a witness; 11 excludable days. 10–29, Commonwealth witness was ill.

MS. FLEISHMAN: [assistant district attorney] Commonwealth witness was ill, and defendant waived Rule 1100.

THE COURT: Yes; we have a waiver in the file.

(Waiver shown to counsel)

THE COURT: That's 43 excludable days; October 29 to December 11. On 12–11, Commonwealth witness arrived late. A total of 54 excludable days added to the run date of 12–5–79 would project an amended run date of 1–28–80. The Commonwealth's petition was timely filed on 12–12–79. I rule there was due diligence on the Commonwealth's part, and the extension date is 1–30–80.

MS. FLEISHMAN: Your Honor, the trial date is 1–30.

THE COURT: I'll extend it to 1–31.

MS. WIDMAN: I object to the finding of due diligence. Would Your Honor grant us a must be tried on this case? Judge Wallace granted a must be tried.

THE COURT: Must be tried.

N.T. 1/14/80 at 2–3; RR. 15a–16a.

This transcript is not included in the record as transmitted to us, but it is included in the Reproduced Record filed by the Commonwealth as appellant, and appellee has not questioned its accuracy.

which the continuance was granted, so it is not possible to find that at that proceeding the assistant district attorney asked for the earliest possible date for trial.

Given the Commonwealth's failure to prove at the extension hearing that January 30 was the earliest possible date for trial, the extension was improper.[2] It follows that appellee was not timely tried. For if one assumes that the extension court's calculation of excludable days was correct, the amended run date was January 28, and appellee was not tried until January 30.

-2-

Although I believe that appellee was tried beyond the Rule 1100 run date, I should not order him discharged, for I believe that appellee has waived any objection to being tried beyond the run date.

The first instance of waiver may have occurred on December 11 when, we may assume, appellee and his counsel heard that trial was rescheduled for January 30—a date beyond the Rule 1100 period. *See Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981). However, since no transcript of the December 11 proceedings is in the record, waiver cannot be found because it is the Commonwealth's burden to prove that appellee knowingly and voluntarily waived his Rule 1100 rights. *See Commonwealth v. Donaldson, supra.*

There is a transcript of the January 14 extension hearing.[3] It reveals that the judge recited the history of the case from the court file, calculating the number of excludable days as he went along. Appellee did not object to the judge's finding that forty-three days were excludable as a result of the continuance from October 29, 1979, to December 11, 1979, and did not argue that his signed waiver covering that period was defective. Nor did appellee object when the judge added to these forty-three days eleven days

2. I agree that appellee's October 29, 1979, Rule 1100 waiver is of questionable validity, at 646, but, like the majority, I need not address this issue.

3. *See* note 1, *supra.*

as excludable because of a defense continuance and then recalculated the run date as January 28. There being no objection by appellee, I should hold that he cannot now challenge the propriety of the January 28 amended run date. *See Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Royer,* 256 Pa.Super. 361, 389 A.2d 1165 (1978); *Commonwealth v. Burton,* 246 Pa. Super. 498, 371 A.2d 946 (1977).

Anticipating that this court might so hold, appellee points to the fact that at the start of the January 14 hearing, his counsel stated: "We have an answer we will have to file. It's not objected to." N.T. 1/14/80 at 2. This answer was filed four days later. Appellee argues that the Commonwealth should be charged with waiver, the theory being that since the Commonwealth did not dispute the statement by appellee's counsel that an answer would be filed late, it cannot now object to the lateness of the answer, and that when the answer is considered, it shows that appellee did contest the validity of the October 29 waiver, demanded that the Commonwealth prove the factual averments in the extension petition, denied that Commonwealth witnesses were unavailable, and moved for discharge. This argument has no merit. The purpose of filing an answer is to put the Commonwealth to its proof; the purpose of an objection is to bring a point of argument before the court. Neither of these purposes can be accomplished by an answer filed after the hearing, and the court could not rule on appellee's motion for discharge when it was never presented during the hearing. The Commonwealth's agreement that it would not challenge the late filing of an answer could only have meant that it would not argue that the defendant had consented to the extension requested in the petition to extend, and that it would therefore prove its case. *See Commonwealth v. Taylor,* 473 Pa. 400, 374 A.2d 1274 (1977) (failure to contest petition for extension results in waiver of right to contest extension on merits); *Commonwealth v. Johnson,* 261 Pa.Super. 327, 396 A.2d 422 (1978) (same). Here, as discussed, the Commonwealth did undertake to prove its case, by reference to notations in the

court's file and appellee's signed waiver. The time for appellee to object to that proof was when it was presented, not by answer filed afterwards.

Appellee did make one objection to the Commonwealth's proof. After the judge amended the run date to January 28, he granted the Commonwealth's petition for an extension, setting the extension date as January 30, and then changing it to January 31, with the statement, "I rule there was due diligence on the Commonwealth's part." N.T. 1/14/80 at 3. As I have stated in the first section of this opinion, I believe this was error because the Commonwealth had to prove not only its due diligence but also that when the case was continued on December 11 to January 30, January 30 was the earliest possible date for trial. Appellee, however, did not make that objection but only objected to the finding of due diligence, and that objection, I believe, had no merit. The preliminary hearing was delayed one month because the complainant was in the hospital; appellee was granted a forty-one day continuance to obtain witnesses, and under Rule 1100 as it then existed, only eleven of those days were automatically excludable; and the continuance granted on December 11 resulted from the complaining witness's absence. None of these occurrences suggests any fault, or lack of diligence, on the part of the Commonwealth.

-3-

There remains to be considered, on my view of the case, appellee's argument that to the extent his Rule 1100 contentions have been waived, he was denied his right to representation by effective counsel. Appellee is represented on appeal by counsel other than trial counsel, and this issue has been raised at the earliest opportunity, so it is properly before us. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

In *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983), the Supreme Court stated that:

When defense counsel fails to object to a Commonwealth petition for an extension of time, we will not discharge

the defendant unless he has been deprived of his underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Such a failure to assert a basic constitutional right is likely to also involve an additional Sixth Amendment denial of the basic right to effective counsel. The present failure to assert a prophylactic rule when noncompliance with it could have arguably been remedied does not.

*Id.*, 502 Pa. at 404–405, 466 A.2d at 1015.

The present case is one in which the noncompliance by the Commonwealth "could have arguably been remedied." Indeed, it seems to me just the sort of case the Supreme Court had in mind. For if appellee had made the objections that I believe he could have made but has waived because he did not make, I have very little doubt that the Commonwealth could have successfully responded, either by asking the judge to take judicial notice of scheduling procedures or to permit it to offer testimony on those procedures. I should find, therefore, that counsel was not ineffective.

I concur in the majority's order reversing the trial court's order, reinstating the conviction, and remanding for imposition of sentence.