572 A.2d 230

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John MONAHAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 11, 1989.

Filed March 29, 1990.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before BECK, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant, John Monahan, was convicted of unauthorized use of an automobile, receiving stolen property, theft and defiant trespass following a bench trial before the Honorable Anthony J. DeFino. Post-trial motions were denied and appellant was sentenced to twenty-three (23) months imprisonment on the unauthorized use of an automobile charge and two (2) years consecutive probation on the theft charge. Appellant was ordered to pay restitution. This direct appeal followed. We affirm.

Appellant first contends that the lower court erred by denying his motion to dismiss under Rule 1100 because he was not tried within 365 days and second by refusing to dispose of this motion prior to trial.

The complaint in this case was filed on July 1, 1987, resulting in an original Rule 1100 run-date of December 28, 1987. At this time, Rule 1100 required trial to commence within 180 days excluding delay attributable to the defendant or his attorney, judicial delay, or other delay occurring despite the Commonwealth's due diligence. (Original Rule) The preliminary hearing was continued once, from July 9 to July 20, 1987, because the complaining witness failed to appear. Trial was originally listed for November 5, 1987, but was postponed until January 26, 1988, because a Commonwealth witness was not available. Meanwhile, on December 31, 1987, Rule 1100 was amended to extend to 365 days the time within which trial must commence. (Interim Rule) This amendment retained the exclusions caused by the accused, e.g., unavailability of defendant or his attorney, waiver, or delay caused by defense-requested contin-

uances, but was silent on the excludability of time due to judicial delay. Shortly after this amendment, the Pennsylvania Supreme Court, in obvious recognition of the heavy backlog of cases in Philadelphia County, ordered the Philadelphia Court of Common Pleas to try only cases in which the defendant was in custody. This directive remained in effect until May 27, 1988, when the Court permitted the trial of serious bail cases. At the same time, the Supreme Court directed the Philadelphia courts to suspend the disposition of Rule 1100 motions. Appellant's trial was held on August 10, 1988, at which time the court took evidence on appellant's Rule 1100 claim but deferred ruling on it. On September 20, 1988, the rule was again amended to provide that a defendant is entitled to discharge under the rule only if the Commonwealth was not duly diligent in bringing him to trial. (Final Rule) On October 3, 1988, the court resumed Rule 1100 dispositions. The court ultimately denied appellant's motion to dismiss.

Relying on *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989), appellant contends that his case is governed by the Interim Rule. Since his trial was not held within 365 days, appellant claims his right to discharge is absolute.

Clearly under either the Original Rule or the Final Rule, appellant would not be entitled to discharge. Under the Original Rule, both the unavailability of a Commonwealth witness and the court's backlog are valid reasons to allow an extension of time. *Commonwealth v. Lafty*, 333 Pa.Super. 428, 482 A.2d 643 (1984); *Commonwealth v. Bell*, 386 Pa.Super. 164, 562 A.2d 849 (1989). The Final Rule specifically provides that, if the court determines that the Commonwealth exercised due diligence and the circumstances occasioning the postponement are beyond the Commonwealth's control, a motion to dismiss based on a violation of Rule 1100 shall be dismissed. Pa.R.Crim.P. 1100(g). On this appeal, appellant does not argue that the Commonwealth was not duly diligent.

58

To avoid this result, appellant contends that the Interim Rule, and only the Interim Rule, can be applied to his case. In so arguing, appellant asks this court to either ignore our Supreme Court's orders or determine that these orders were invalid. Neither this court nor the trial court has the power to act contrary to decisions of the Supreme Court. See, *e.g., Commonwealth v. Edrington,* 317 Pa.Super. 545, 464 A.2d 456 (1983). Under all the circumstances of this case, therefore, we cannot say the trial court erred in delaying appellant's trial or in refusing to discharge appellant because of the delay.

For the same reason, appellant's claim that the trial court erred in refusing to dispose of his Rule 1100 motion prior to trial must be rejected. The court was under a directive of the Supreme Court not to dispose of any such motions. It was powerless to disobey that directive.

Judgment of sentence affirmed.

BECK, J. concurs in the result.