396 A.2d 476

COMMONWEALTH of Pennsylvania

v.

**John F. NORMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Decided Dec. 28, 1978.

George W. Schroeck, Erie, submitted a brief for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

## OPINION

Before PRICE, HESTER and WATKINS, JJ.

PER CURIAM:

This is basically the same case as *Commonwealth v. Norman,* 248 Pa.Super. 341, 375 A.2d 128 (1977) wherein the background facts are set forth in our opinion. We need only add that after our reversal and grant of a new trial on June 29, 1977 appellant again filed on August 4, 1977 a motion to quash the burglary indictment against him alleging the prosecution would constitute double jeopardy or in contravention of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973). These grounds are identical to those contained in the motion involved in the earlier appeals at No. 424 April Term, 1976 and No. 870 April Term, 1976.

As previously noted the appeal at No. 424 April Term, 1976 was quashed on February 3, 1976 as interlocutory. On April 28, 1977 in *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977) it was held that denial of a pre-trial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed twice in jeopardy may be appealed before the new trial is held. *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977). See also, *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978) and *Commonwealth v. Bronson,* 482 Pa. 207, 393 A.2d 453 (1978). Guided by this principle, as

we must be, we approach the merits of appellant's double jeopardy claim.

In August of 1973 the defendant was acquitted of the offense of receiving stolen property. The property involved was the carpet removed from an Erie warehouse on September 3, 1972. Between July of 1974 and November of 1974 the details of this removal were first disclosed to the authorities by one of the participants. Prior to that time there was no evidence of appellant's direct participation in the taking of the carpet. Appellant now claims that the acquittal in August of 1973 bars this prosecution.

This case is directly controlled by *Commonwealth v. Peluso,* 240 Pa.Super. 330, 361 A.2d 852 (1976) where we held:

"We do not believe that *Campana* [*Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1977)] or Section 110(1)(ii) of the Crimes Code requires a prosecution to charge an accused with an offense at a time when the prosecution only suspects that the offense has been committed and has not uncovered any admissible evidence by a good faith investigation which would support a conviction for that offense."

There is, therefore, no merit to appellant's contention.

Appellant also seeks to raise an argument concerning Pa.R.Crim.Pro. 1100. In *Norman,* supra, we remanded the record for a new trial on August 9, 1977. This appeal was docketed on October 7, 1977. The Commonwealth pursuant to Pa.R.Crim.Pro. 1100(a)(2) has 120 days in which to try appellant. Under *Pa.R.Crim.Pro.* 1100(e)(2) once the certiorari is filed the appellant is unavailable and the appellant may be tried within 120 days from the remand of the record. The period of August 9, 1977 to October 7, 1977 must be included in the count, but the time is stayed by this appeal filed October 7, 1977 and will be stayed to the remand of the record following this disposition. Accordingly, the court below is well within the 120 days to retry appellant when this record is now remanded.

The orders of the court below are affirmed and the case remanded for trial.