475 A.2d 792

**COMMONWEALTH of Pennsylvania**

v.

**Richard PAPROCKI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1983.

Filed April 13, 1984.

Petition for Allowance of Appeal Denied Aug. 14, 1984.

Richard J. Hodgson, Norristown, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before MONTEMURO, WATKINS and CERCONE, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Richard Paprocki from the denial of his motion in arrest of judgment on the basis of Pa.R.Crim.P. 1100 (hereinafter "Rule 1100"). As with many alleged Rule 1100 violations, the procedural history of this case is long and tortuous.

Appellant was arrested on July 11, 1980, and charged with burglary,[1] theft by unlawful taking,[2] receiving stolen property,[3] and criminal conspiracy.[4]

After a preliminary hearing, appellant was bound over for trial on all charges. Appellant's first trial commenced on November 17, 1980. On that same date, a mistrial was declared as a result of improper questioning by the prosecutor. Appellant's second trial commenced the following day, November 18, 1980. On November 25, 1980, another mistrial was declared, this time because the jury was deadlocked.

On February 23, 1981, appellant filed an omnibus pretrial motion to suppress evidence. On February 24, 1981, appellant filed a motion to dismiss on double jeopardy grounds. Both motions were ordered by the court as rules returnable at the time of trial. Trial had been scheduled for February 25, 1981.

On February 25, 1981, the case was called for trial a third time. At that time, appellant's motion to dismiss was heard and denied. Appellant decided to take an immediate appeal on the denial of this motion. A colloquy was held on the record wherein appellant confirmed that he wished to appeal the double jeopardy issue in this posture rather than pursue it on posttrial motions after possible conviction. Appellant's notice of appeal was filed that day, February

1. 18 Pa.C.S.A. § 3502.

2. *Id.* § 3921.

3. *Id.* § 3925.

4. *Id.* § 903.

25, 1981. No further action was taken by the lower court during the pendency of this double jeopardy appeal.

On August 19, 1981, appellant withdrew his appeal and the Superior Court remanded the record on August 20, 1981. The appellant was scheduled for trial on November 24, 1981. The case was called on that date and the Commonwealth and counsel for appellant agreed to pass the case until December 7, 1981. Thereafter, on December 7, 1981, appellant filed the instant motion to dismiss on the ground that both Rule 1100 and his constitutional rights to a speedy trial had been violated. Appellant's motion to dismiss was denied and the case was again continued, upon the Commonwealth's request, to December 14, 1981. Trial was held on December 14 and 15, 1981, and a jury returned a verdict of guilty on all charges.[5]

Timely posttrial motions were filed by appellant[6] consisting of both a motion for a new trial and a motion in arrest of judgment. The lower court granted the motion for a new trial on the basis that evidence admitted at the trial should have been suppressed. The motion in arrest of judgment which dealt with the speedy trial violations was denied by the court. The Commonwealth appealed the lower court's grant of a new trial, prompting appellant to file a cross appeal from the lower court's denial of his motion in arrest of judgment. The Commonwealth has since withdrawn its appeal, leaving for our disposition appellant's contention that the lower court erred in failing to grant his motion in arrest of judgment under Rule 1100.

The period of time which appellant challenges as violative of Rule 1100 runs from the date of the mistrial declared on November 25, 1980. Appellant acknowledges that under Rule 1100, the Commonwealth had 120 days from the declaration of mistrial in which to bring him to trial. *Common-*

5. At the trial which took place on December 14 and 15, 1981, appellant was tried on only three of the four original charges. The receiving stolen property charge was not in the case.

6. The posttrial motions were timely filed in accordance with an extension of time granted by the lower court.

*wealth v. Manley,* 491 Pa. 461, 421 A.2d 636 (1980); *Commonwealth v. Legree,* 256 Pa.Super. 128, 389 A.2d 634 (1978); Pa.R.Crim.P. 1100, Comment. He then asserts that he was not brought to trial until December 14, 1981, a period of 384 days later, out of which 176 days are excluded by virtue of his appeal on the double jeopardy issue, and 13 days are excluded by virtue of his agreement to continue the case from November 24, 1981, until December 7, 1981. Thus, he calculates that his date of trial was 195 countable days after declaration of mistrial, which exceeds the allowable limit of 120 days.

The lower court adopted the position taken by the Commonwealth that remand of the record following appellant's withdrawal of his double jeopardy appeal triggered a new 120 day period in which the Commonwealth could bring the appellant to trial. Thus, the lower court counted 120 days from August 20, 1981, excluded 13 days from the agreed continuance from November 24, 1981, to December 7, 1981, and determined that only 103 out of the 120 days had expired when appellant was brought to trial on December 14, 1981.

The issue squarely before us is whether the appeal on the double jeopardy issue merely tolled the running of time under Rule 1100, or whether disposition of that appeal precipitated a completely new period of time under Rule 1100(e).

It is clear that time which transpires while a matter is on appeal cannot be assessed against the Commonwealth for speedy trial computations. After an appeal is taken, neither the lower court nor other governmental units may proceed further in the matter. Pa.R.A.P. 1701(a). At the very best, therefore, an appeal acts as an automatic stay of the operation of Rule 1100. *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981); *Commonwealth v. Norman,* 262 Pa.Super. 45, 396 A.2d 476 (1978).

The lower court went further than this, however, and held not that appeal time was excludable, but that the

appeal created a fresh running of time commencing with remand of the record from the appellate court. The lower court found that section (e) of Rule 1100 provided for a renewed 120 days period here. Rule 1100(e) states:

(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

(2) When an appellate court has granted a new trial, or* has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

The literal focus of this section is to allow the Commonwealth a fresh start once a *new trial* has been ordered.

Section (e) of Rule 1100 has been interpreted to encompass not only specific orders of new trial following postverdict motions or appeals, but also orders of mistrial, *Commonwealth v. Manley, supra; Commonwealth v. Legree, supra;* and orders withdrawing, rejecting and successfully challenging a guilty plea, *Commonwealth v. Bytheway,* 290 Pa.Super. 148, 434 A.2d 173 (1981). *See also* Pa.R.Crim.P. 1100, Comment. The common denominator among all these orders is that each has the effect of definitively announcing for the first time that a new trial is necessary. Thus, after believing that a defendant had reached a point in the criminal justice system wherein guilt had been determined and Rule 1100 was no longer a concern, the Commonwealth is suddenly notified that it must start the whole guilt determination process "anew". Under such circumstances, the Commonwealth is entitled to "a new" period of 120 days in which to adjust its schedule to retry a defendant.

These same concerns are not apparent in the situation at bar. Herein, the Commonwealth was advised by the order of mistrial of November 25, 1980, that the whole guilt determination process would have to be done over. At that point, the new 120 day period attached and the Common-

wealth was alerted to be vigilant of reinstated Rule 1100 considerations. The appeal on double jeopardy grounds, even though its outcome would affect whether or not retrial would ever be held, did not change the fact that the whole guilt determination process had already been recommenced.

There exists a substantive basis for distinguishing between orders which in essence grant a new trial, and orders [7] which simply dismiss any impediments to the occurrence of that trial. To disallow a new 120 day period in the former situation would require the Commonwealth to bring a defendant to trial twice within one period, *Commonwealth v. Bytheway, supra;* while to disallow a new 120 period in the latter situation would not have that effect. While we note that the difficulties in scheduling a *particular retrial* would be comparable following orders which in essence grant a new trial, as well as following orders which simply dismiss any impediments to a new trial, the concern which the additional 120 days period seems to have been designed to meet involves the impact on the Commonwealth's *total caseload* and not a narrow interest of how long it takes to coordinate an individual retrial.

In many instances, an appeal will be taken early on in the running of the Rule 1100 period. After remand of the record, therefore, most of the original period will be left, giving the Commonwealth ample time in which to arrange its trial lists. If this is not the case, the remedy for the Commonwealth under Rule 1100 is to file for an extension, which it would certainly be entitled to if the remaining period after disposition of an appeal were brief. To hold otherwise would reset the Rule 1100 clock after every appeal, whether additional time is needed or not. This would derogate the purposes for which Rule 1100 was created, and we decline to accept the Commonwealth's position.

This reasoning, that an appeal acts only as a stay of time under Rule 1100, is reflected by the computation of time in

7. We treat the withdrawal of the double jeopardy appeal the same as if the appellate court had disposed of the claim by order.

two cases: *Jones v. Commonwealth, supra;* and *Commonwealth v. Norman, supra.* In *Jones,* trial commenced with a hearing on the defendant's motion to suppress. Suppression was granted and the Commonwealth chose to take an immediate appeal since the prosecution would have been severely handicapped if unable to use the suppressed evidence. The appeal took two and one-half years and the defendant was brought to trial approximately one month thereafter. The supreme court stated that, even assuming that "trial" had not commenced with the suppression hearing, the appeal acted as an automatic supersedeas of the operation of Rule 1100, and so the defendant was tried within the original 180 days allotted.

In *Norman,* a new trial had been ordered on appeal. The record was remanded to the lower court on August 9, 1977. Thereupon, the defendant filed a motion to quash on double jeopardy grounds which reached this court, as well as a Rule 1100 argument. After dismissing the double jeopardy contention, we stated that the appeal acted as a stay of the time running from August 9, 1977, and upon remand of the record the Commonwealth had the balance of the 120 day period from August 9, 1977, in which to bring the defendant to retrial.

■ Similarly, we hold here that appellant's double jeopardy appeal merely worked a stay on the operation of Rule 1100. Retrial must have been commenced within the 120 day period from November 25, 1980. Our analysis does not end with this determination, however, since we must evaluate whether the timely events of February 25, 1981, constituted a commencement of trial.

Rule 1100 does not directly define the parameters of "commencement of trial", but states only that "trial shall be deemed to commence on the date the trial judge calls the case to trial...." Pa.R.Crim.P. 1100(b). Our adoption of the Comment to Rule 1100, *see Commonwealth v. Machi,* 294 Pa.Super. 338, 439 A.2d 1230 (1982) (and cases cited therein); provides greater illustration:

It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial. (emphasis added).

The Comment then cites to *Jones v. Commonwealth, supra,* for the proposition that the hearing of motions reserved for the time of trial can be a "commencement of trial."

■ We find that the facts of the February 25, 1981, hearing here are analogous to the facts of *Jones,* and so conclude that the hearing was a first step in the retrial of appellants for the purposes of Rule 1100.

As noted earlier, *Jones* involved a hearing and order of suppression which was immediately appealed by the Commonwealth. The court in *Jones* found that this motion to suppress had been expressly made "returnable at the time of trial before the trial judge", that on the day of the hearing the prosecution was prepared to proceed to trial, and that the procession of the guilt determining process from this first step was interrupted only by appellate review which flowed directly from the defendant's own motions and which did not evidence abuse by the Commonwealth. Thus, the *Jones* court held that hearing on the motion to suppress was the commencement of the trial and thereafter the Commonwealth had properly presumed that this timely commencement of trial foreclosed later collateral attack on the defendant's conviction on Rule 1100 grounds.

In the case before us, appellant's motion to dismiss was filed on February 24, 1981, and was specifically made "Returnable at the time of trial before the Trial Judge." Trial had been set for the following day, and the matter was, in fact, called to trial at 10:27 a.m. on the morning of February 25, 1981. The motion to dismiss was dealt with first, and upon the trial court's denial of the motion, counsel

for the appellant advised the court that the appellant wished to take a direct appeal from that ruling. Subsequently, an on-the-record colloquy was conducted in which the appellant verified that he understood that he could proceed with trial, but had opted to proceed with the appeal instead. Thus, absent appellant's own decision to appeal from his own motion, the case would have proceeded on February 25, 1981. Under these circumstances, hearing on appellant's motion to dismiss constituted commencement of trial.

Commencement of trial on February 25, 1981, occurred 92 days following the declaration of mistrial on November 25, 1980. Such commencement being within 120 days, there is no violation of Rule 1100.

Accordingly, the order of the lower court is affirmed.