504 A.2d 240

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael K. REIPRISH.**

Superior Court of Pennsylvania.

Argued June 6, 1985.

Filed Jan. 24, 1986.

Anthony J. Rosini, Shamokin, for appellant.

James J. Rosini, Milton, for appellee.

Before SPAETH, President Judge, and McEWEN and BECK, JJ.

BECK, Judge:

The issue before us is whether a notice of appeal from an order of a district justice to the court of common pleas acts as a stay to exclude the appeal time for purposes of Pa.R.Crim.P. 1100. We hold that such time is excludable. Therefore, the common pleas court erred in not excluding the appeal time in its Rule 1100 calculation and in dismissing the charges against appellee Reiprish. We vacate the order of the common pleas court and reinstate the charges against appellee.

Appellee was arrested following a traffic accident on April 28, 1984. Approximately 20 days thereafter, on May 18, 1984, a criminal complaint was filed charging appellee with driving under the influence of alcohol ("DUI"), 75 Pa.C.S.A. § 3731(a)(1) and § 3731(a)(4), and two related summary offenses. On June 21, 1984, at a preliminary hearing, the district justice dismissed the DUI charge for the reason that the Commonwealth failed to comply with Pa.R.Crim.P. 130(d). Rule 130(d) requires the prompt filing of a complaint when an arrest has been made without a warrant.

On June 26, 1984, in the court of common pleas, the Commonwealth filed a petition for a writ of certiorari and/or notice of appeal contesting the dismissal of the DUI charge against appellee. On June 27, 1984, the common pleas court issued an order that the district justice transmit the record in the case. The trial court's order also stated "[a]ll further proceedings on this matter and the summary offenses to which the defendant pled guilty are hereby stayed until further order of this court."

In reviewing the Commonwealth's appeal, the common pleas court held on August 17, 1984, that the remedy for a violation of Rule 130(d) was suppression of the evidence attributable to improper delay rather than dismissal of the charges involved. Accordingly, the court reversed the dismissal of the DUI charge and remanded the case to the district justice. A second preliminary hearing was held by the district justice on October 9, 1984, and appellee was bound over for trial in the court of common pleas.

On October 10, 1984, the Commonwealth filed a Rule 1100 petition for extension in the common pleas court. The original run date for the commencement of trial was November 14, 1984, or 180 days from the May 18, 1984, filing of the criminal complaint. The court denied the Commonwealth's petition and refused to entertain a second petition. On November 15, 1984, the court entered an order dismissing all charges against appellee pursuant to Rule 1100.

The Commonwealth asserts on appeal that the time period between June 27, 1984[1], when the common pleas court ordered all proceedings stayed pending the Commonwealth's appeal, and August 17, 1984, when the court decided the Commonwealth's appeal and remanded the matter, is excludable when computing the 180–day period under Rule 1100. We agree with the Commonwealth.

In the orderly administration of criminal justice, an appeal generally acts as an automatic stay for Rule 1100 purposes. *See* Pa.R.A.P. 1701(a); Pa.R.A.P. 1764. The question is whether this principle is applicable to appeals from district justice to common pleas courts for Rule 1100 purposes. In *Commonwealth v. Paprocki*, 327 Pa.Super. 270, 274, 475 A.2d 792, 794 (1984), we stated:

It is clear that time which transpires while a matter is on appeal cannot be assessed against the Commonwealth for speedy trial computations. After an appeal is taken,

1. The correct date for the start of excludable time is June 26, 1984, the date the Commonwealth filed its notice of appeal and not June 27, 1984, as Commonwealth asserts. However, since the Commonwealth asks that the excludable time be counted from June 27, 1984, we make our calculations based on that date.

neither the lower court nor other governmental units may proceed further in the matter. Pa.R.A.P. 1701(a). At the very best, therefore, an appeal acts as an automatic stay of the operation of Rule 1100.

The Pennsylvania Supreme Court in *Jones v. Commonwealth*, 495 Pa. 490, 498, 434 A.2d 1197, 1201 (1981), held that "the timely appellate procedures taken by the Commonwealth clearly divested the trial court of authority to proceed, and thus acted as an automatic supersedeas of the operation of Rule 1100."

Thus it is clear that an appeal from a common pleas court to an appellate court acts as an automatic stay in the computation of the 180–day period required under Rule 1100. We conclude that for Rule 1100 purposes this principle is applicable to an appeal from a district justice to a common pleas court where the court of common pleas acts in the role of an appellate court. Although there is no specific rule relating to stays as applied to Rule 1100, we reach this conclusion based on two grounds: common law principles and an analysis of the reasons for Pa.R.A.P. 1701(a). The rule provides that "after an appeal is taken ... the trial court or other government unit may no longer proceed further in the matter."

The purpose of Rule 1100 is to assure the defendant's constitutional right to a speedy trial. However, an appeal stops the clock for Rule 1100 purposes. Orderly judicial process requires that the appealed matter be resolved before further proceedings occur. In the instant case, during the appeal period the common pleas court's jurisdiction was limited to the matter appealed, i.e., the Rule 130(d) matter. The Commonwealth could not have commenced trial, even if it had wanted to, during the appeal period. The substantive charge of driving under the influence was not then before the court of common pleas.

Section 5105(a)(1) of the Judicial Code provides a right of appeal from the final order of every court or district justice of the Commonwealth to the court having jurisdiction over such appeals. 42 Pa.C.S.A. § 5105(a)(1). Section 5105(e)

provides that "[a]n appeal shall operate as a supersedeas to the extent and upon the conditions provided or prescribed by law." 42 Pa.C.S.A. § 5105(e). We have found no statute, court decision, or rule of court relating to whether criminal appeals from a district justice to a court of common pleas operate as a supersedeas for Rule 1100 purposes. Logic and common sense compel us to the conclusion that the principles applicable to Pa.R.A.P. 1701 apply to an appeal from a district justice to a court of common pleas on Rule 1100 calculations.

Support for our conclusion is also found in the common law principle that a court of first instance cannot further proceed with a cause after the record has been removed to an appellate court. The principle has been consistently followed since *Ewing v. Thompson*, 43 Pa. 372 (1862), and is controlling in the absence of a statute or rule to the contrary. *See Merrick Estate*, 432 Pa. 450, 454, 247 A.2d 786, 787 (1968); *Corace v. Balint*, 418 Pa. 262, 276, 210 A.2d 882, 889 (1965). As to the appellate courts of this Commonwealth, the rule has recognized that, the record having been removed to an appellate court, the court of first instance has no record upon which it could proceed. *Gilbert v. Lebanon Valley Street Railway Co.*, 303 Pa. 213, 218, 154 A. 302, 304 (1931).

In the instant case, for Rule 1100 purposes, the focus of the inquiry is not further proceedings before the district justice. It is speedy trial for the defendant in the court of common pleas. If the appeal, however, causes a stay of all proceedings, except for the question on appeal, then the clock stops for Rule 1100 purposes.

We hold that the period between the filing and disposition of an appeal from a district justice to a common pleas court is excludable for Rule 1100 purposes. We limit our holding to stay the running of Rule 1100, and note that cases that restrict supersedeas in criminal matters reflect a concern that an appeal not automatically stay the execution of a sentence. *See Commonwealth v. Healey*, 149 Pa.Super.

497, 501, 27 A.2d 557, (1942); *Commonwealth v. Alloway,* 27 Pa.Commw. 132, 134, 365 A.2d 710, 711 (1976).

The order of the trial court is vacated. The charges against appellee are reinstated. We remand for proceedings consistent with this opinion. Jurisdiction is relinquished.

McEWEN, J., dissents.

SPAETH, President Judge, joined in this opinion before the expiration of his term on the court.