539 A.2d 1307

COMMONWEALTH of Pennsylvania, Appellant,

v.

Albert E. FUCHS.

Superior Court of Pennsylvania.

Argued Nov. 5, 1987.

Filed Feb. 19, 1988.

Reargument Denied April 25, 1988.

500

Andrea F. McKenna, Assistant Deputy Attorney General, Harrisburg, for Com., appellant.

Dennis G. Kuftic, Edinboro, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

ROWLEY, Judge:

This is an appeal from the trial court's order denying the Commonwealth's Motion to Extend Time for Commencement of Trial pursuant to Pa.R.Crim.P. 1100 and granting defendant's Petition to Dismiss.

On February 23, 1984, a criminal complaint was filed by the Pennsylvania Attorney General's Office ("the Commonwealth") in the Court of Common Pleas of Erie County,

Criminal Division,[1] against the defendant, Albert Fuchs, charging him with violations of the Solid Waste Management Act, 35 Pa.S. sections 6018.101–701. Following a preliminary hearing on March 23, 1984, defendant was bound over for trial.

On June 13, 1984, defendant filed pretrial motions which alleged, *inter alia*, that the criminal provisions of the Solid Waste Management Act were unconstitutional. The case was scheduled for trial during the July 1984 term. On July 12, 1984, an application for continuance was filed by defendant. With the defendant's consent and by order of court, the time for commencing trial on the pending charges was extended until October 31, 1984. The original rundate under Rule 1100 had been August 21, 1984.

On August 29, 1984, following argument, the trial court found the relevant portions of the Solid Waste Management Act violative of both the state and federal constitutions and dismissed all charges against defendant. On September 21, 1984, the Commonwealth filed a timely appeal from this order.

On October 9, 1986, our Supreme Court entered an order reversing the trial court's decision and remanding the case for further proceedings. The record was remanded to the trial court on October 27, 1986.

On November 26, 1986, defendant filed a petition for writ of certiorari with the United States Supreme Court. The Commonwealth filed a brief in opposition to the petition on December 24, 1986. On December 30, 1986, defendant withdrew his petition.

On February 4, 1987, the Commonwealth filed a Motion to Extend Time to Commence Trial. On February 13, 1987, a hearing was held on this motion. At that time, defendant petitioned the trial court for dismissal of the charges pursuant to Rule 1100. Finding that the Commonwealth had failed to bring defendant to trial within 180 days, the trial

---

1. The prosecution of the instant action is by the Pennsylvania Attorney General, not by the Erie County District Attorney.

court entered its order denying the Commonwealth's motion and granting defendant's petition. This timely appeal followed [2].

The Commonwealth contends that the trial court erred in calculating the 180–day period under Rule 1100, and in finding that the Commonwealth failed to exercise due diligence. According to the trial court, the Commonwealth's motion for an extension of time was filed on the 211th day, long after the expiration of the 180–day period. In making its calculations, the trial court excluded the time from June 13, 1984, the date defendant filed his pretrial motion, until October 27, 1987, the date the Supreme Court remanded the case to the trial court.

Our scope of review of the trial court's determination "is limited to evidence on the record of the Rule 1100 evidentiary hearing and findings of the lower court." *Commonwealth v. Alston*, 286 Pa.Super. 290, 294, 428 A.2d 997, 999 (1981) (citation omitted). Further, "[w]here a dispute as to the correct computation of the period results from a disagreement as to the legal consequences of certain periods of delay under paragraph (d) of the rule, it is then appropriate for an appellate court to resolve such questions." *Commonwealth v. Byrd*, 493 Pa. 178, 183, n. 7, 425 A.2d 722, 724, n. 7 (1981) (citations omitted). With these standards in mind, we have reviewed the trial court's adjudication and, per the following discussion, find that we must reverse its order.

The Commonwealth makes two allegations of error by the trial court in its calculation of the 180–day period. The first argument is as follows:

1. Defendant's filing of his pretrial motion on June 13, 1984, tolled the Rule 1100 clock. At that time, 69 days remained of the 180 days in which to commence trial.

2. Defendant's request for a continuance in July, 1984, in which he agreed to extend the run date until October 31, 1984, provided an additional 71 days in which to commence

2. We agree with the trial court that the 120–day period provided by Rule 1100(e)(2) is inapplicable. The 120–day rule is applicable only when "an appellate court has granted a new trial or affirmed an order of the trial court granting a new trial. . . ." Pa.R.Crim.P. 1100(e)(2). No new trial has been granted by any court in the instant action.

proceedings. This figure of 71 is arrived at be counting the days between August 21, 1984 (the original run date) and October 31, 1984.

3. By adding the original 69 days remaining as of June 13, 1984, to the 71 additional days agreed to by defendant, appellant contends that it had 140 days within which to commence trial.

4. 140 days from October 27, 1986 (the day that the case was remanded to the trial court from the Supreme Court) is March 16, 1987. Therefore, the Commonwealth concludes, its motion to extend, filed February 4, 1987, was timely.

We agree with the Commonwealth that the 180–day clock was tolled on June 13, 1984, when defendant filed his pretrial motion raising constitutional issues. *Commonwealth v. Mason*, 358 Pa.Super. 562, 518 A.2d 282 (1986); *Commonwealth v. Bond*, 350 Pa.Super. 341, 504 A.2d 869 (1986). However, we find that steps two and three of its argument are flawed. The Commonwealth cites no authority, and we know of none, for the finagling of an additional 71 days.

In *Bond*, this court en banc considered the effect on the 180–day period of an appellant's pretrial motion challenging the constitutionality of the statute under which she had been charged. In a plurality decision authored by Judge Cavanaugh, the court stated that:

> [u]nlike a motion to suppress or to change venue, appellant presented a motion to dismiss the complaint lodged against her. If successful, the charges against the appellant would *necessarily* have been avoided and the appellant discharged. Therefore, consideration of appellant's constitutional challenge ... was itself a process of promptly determining the appellant's asserted innocence. As such it constituted a "first step in the trial" for purposes of Rule 1100, tolling the 180–day period.

*Id.*, 350 Pa.Superior Ct. at 350, 504 A.2d 874. In a concurring opinion, which was subsequently adopted by the *Mason* court, Judge Spaeth stated:

> [t]he critical point, as I see it, is that in instituting her constitutional challenge, appellant initiated foreseeable

delay for which the Commonwealth was not responsible. The period extending from the date of appellant's motion to the date of the trial court's order denying the motion should be excluded from the 180–day period. To permit the period to run while the court deliberated on the motion would be to permit appellant to wield her right to a speedy trial in an unjust and uncontemplated manner. *Id.*, 350 Pa.Superior Ct. at 358, 504 A.2d at 878, quoted with approval in *Mason*, 358 Pa.Super. at 573, 518 A.2d at 288.

 Applying the rationale and holdings of these cases, we find in the instant case that the time from defendant's filing of his pretrial motion challenging the constitutionality of the statute under which he had been charged until the disposition of that issue by the trial court, is excludable from the 180–day period mandated by Rule 1100. At that point, no charges remained pending against the defendant to be tried and the Commonwealth had no basis for proceeding in the trial court. It was not until the Supreme Court reversed the trial court's order and remanded the case to the trial court that defendant became available for prosecution. We therefore find that the period from June 13, 1984 until October 27, 1986, was excludable under Pa.R.Crim.P. 1100(d)(3)(i) due to the unavailability of the defendant. Neither the Commonwealth nor defendant needed to file motions for an extension of time during this period. Thus, defendant's request for a continuance was superfluous and did not result in an automatic grant to the Commonwealth of an additional 71 days in which to commence trial.[3]

The Commonwealth next contends that the trial court erred in failing to exclude the 34 days between November 26, 1986, the day on which defendant filed a petition for writ of certiorari in the United States Supreme Court, and December 30, 1986, the day on which defendant withdrew his petition. In its analysis of this issue, the trial court first

3. We note that the July, 1984 agreement entered into between the Commonwealth and defendant was to extend the run date to a date certain, e.g., October 31, 1984. Applying simple contract principles, the Commonwealth cannot unilaterally change the date certain simply because the period tolled by the filing of a motion went past the date certain.

recognized that both the defendant and the Commonwealth have the right to petition for writ of certiorari to the United States Supreme Court. According to the trial court however, the mere filing of such a petition does not automatically stay the proceedings in the trial court. Rather, the Commonwealth must "affirmatively make an application for the stay of the remand of the record." Opinion of March 3, 1987, p. 13. Because the Commonwealth failed to make such an application, no stay was granted. Moreover, the trial court concluded that "the Commonwealth could have brought the defendant to trial even while his Petition For Writ of Certiorari was pending before the United States Supreme Court had it so desired." *Id.* at 14.

■ We find that the trial court's analysis is premised upon an inapplicable rule of law. The trial court applied Pa.R.A.P. 2572(c), entitled "Stay of remand pending United States Supreme Court review." Generally, Rule 2572 concerns the remand of the record from an appellate court. Rule 2572(c) is utilized to stay the remand of the record pending United States Supreme Court review: "A stay of the remand of the record pending review in the Supreme Court of the United States may be granted upon application to the *appellate court possessed of the record* in the case." (Emphasis added). This rule cannot be applied in the instant case because defendant's petition was not filed until after the record had been remanded to the trial court. Therefore, no appellate court possessed the record at that time. The trial court thus erred in finding that the Commonwealth should have applied for a stay under this rule.

■ We further find that the trial court misapplied the law when it concluded, without citing authority, that the Commonwealth could have brought defendant to trial while his petition remained outstanding. Pa.R.A.P. 1701(a) provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." "Appeal" is defined in Pa.R.A.P. 102 as "[a]ny petition or other application to a court for review of subordinate governmental determina-

tions. The term includes an application for certiorari under 42 Pa.C.S. section 934 (writs of certiorari) or under any other provision of law. Where required by the context, the term includes proceedings on petition for review."

These rules clearly encompass a petition for a writ of certiorari to the United States Supreme Court. Moreover, defendant's action in petitioning for review of our Supreme Court's decision is in effect an attempt to avoid the charges and have the case against him dismissed. There is thus no significant difference between this petition and defendant's original pretrial motion challenging the constitutionality of the Solid Waste Disposal Act. For the same reasons as previously discussed, we find that during the period that defendant's petition remained outstanding, he was "unavailable" as provided by Rule 1100(d)(3)(i). *Commonwealth v. Mason,* 358 Pa.Super. 562, 518 A.2d 282 (1986); *Commonwealth v. Bond,* 350 Pa.Super. 341, 504 A.2d 869 (1986). *See also Commonwealth v. Norman,* 262 Pa.Super. 45, 396 A.2d 476 (1978) ("[u]nder *Pa.R.Crim.Pro.* 1100(e)(2) once the certiorari is filed the appellant is unavailable...." 262 Pa.Super. at 48, 396 A.2d at 477).

We therefore find that the trial court erred in not excluding the 34 days between the filing of defendant's petition for writ of certiorari in the United States Supreme Court and the day on which he withdrew his petition. The trial court should have calculated the new run date to be February 7, 1987: the Rule 1100 clock was tolled on June 13, 1984 with 69 days remaining; the clock began to run again on October 27, 1986 when the case was remanded to the trial court; 30 days expired between October 27, 1986 and November 26, 1986, when defendant filed his petition for writ of certiorari in the United States Supreme Court; 39 days remained in the 180-day period when defendant withdrew his petition on December 30, 1987; 39 days after December 30, 1987 is February 7, 1987. The Commonwealth's Motion to Extend Time to Commence Trial, filed February 4, 1987, was therefore within the 180-day period.

The final issue before us is whether the trial court erred in finding that the Commonwealth failed to exercise due

diligence in bringing defendant to trial. The trial court determined that the Commonwealth should have scheduled a trial in this matter during either the November 1986 term or the January 1987 term. "In reviewing whether a lower court properly ruled that the Commonwealth has or has not met its burden of proving due diligence in a Rule 1100 extension hearing, we are limited to considering evidence presented by the Commonwealth and uncontradicted evidence presented by the defendant." *Commonwealth v. Lafty*, 333 Pa.Super. 428, 434–35, 482 A.2d 643, 646 (1984) (citations omitted).

■ We begin our discussion by reiterating that the trial court erred in determining that the Rule 1100 clock continued to run during the 34 day period that defendant's petition remained outstanding. Therefore, the trial court further erred in concluding that the Commonwealth was able to schedule trial during the November 1986 term. The record of the extension hearing discloses that the Commonwealth did not receive notice that defendant withdrew his petition for writ of certiorari until January 5, 1987 (N.T., p. 6) and that no criminal trials could have been scheduled between January 24, 1987 and March 9, 1987 (N.T., p. 8). Only 19 days remained during the January 1987 term within which to schedule trial when the Commonwealth received notice that defendant had withdrawn his petition. We agree with the Commonwealth that this was an insufficient amount of time to prepare for trial considering the complexity of the case and that approximately 24 witnesses were to testify for the Commonwealth, some of whom were particularly difficult to locate (N.T., pp. 37–45). Considering further the fact that during the extension hearing the Commonwealth was ready to list the case for the upcoming March term of criminal court, but counsel for defendant objected because of a vacation that he had planned (N.T., p. 54), we find that the Commonwealth acted with due diligence in attempting to bring the defendant to trial. We therefore reverse the order of the trial court and remand this case for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.