## Commonwealth v. Dow

*A. Renee Smith,* assistant district attorney, for the commonwealth.

*Charles F. Volz Jr.,* for defendant.

DIEFENDERFER, *J.,* June 8, 1989 — Presently before this court are defendant Robert Dow's, post-trial motions for new trial and in arrest of judgment. Oral argument was heard on November 9, 1988.

The evidence adduced at trial indicates that the Allentown Women's Center is an abortion clinic located in Lehigh County, Pennsylvania. The Women's Center leases a suite of offices in a two-story office building and pursuant to its lease has the use of parking spaces in lessor's parking lot adjacent to the building. Other tenants in the premises consisted of a methadone clinic and a union office. The Women's Center had a policy which banned all soliciting on its property. On August 16, 1986, Dow entered the parking lot and confronted the occupants of vehicles driving thereon, verbally addressing the issue of abortion and distributing anti-abortion literature.

Principals of the Women's Center personally told Dow to leave the parking lot and remain off the premises. Dow refused to do so and continued his activity. The principals of the Women's Center then called the Pennsylvania State Police for assistance. Upon his arrival, a state trooper instructed Dow to leave. Dow, however, continued his activity and was subsequently arrested for criminal trespass,[1] disorderly conduct,[2] and harassment.[3]

The district attorney of Lehigh County filed a criminal information on December 11, 1986 against Dow for defiant trespass and disorderly conduct

---

1. 18 Pa.C.S. §3503(b)(1)(i).

2. 18 Pa.C.S. §5503(d).

3. 18 Pa.C.S. §2709.

after the harassment charge had been dismissed by the district magistrate. The disorderly conduct charge was subsequently withdrawn by the commonwealth. Dow waived his right to a jury trial and after a non-jury trial held on April 1, 1987, he was found guilty of defiant trespass.

Dow's post-verdict motions aver that the court erred in permitting an extension of the rule 1100 rundate, that the commonwealth failed to establish ownership of the parking lot and the non-permissive use of those areas by Dow, that the parking area of a multi-business establishment is "open to the public" within the meaning of the defiant trespass statute and, that the First and Fourteenth Amendments of the U.S. Constitution and Article I, sections 7 and 20 of the Pennsylvania Constitution guarantee the right of individuals to peacefully exercise their freedom of expression on private property open to the public.

Pa.R.Crim.P. 1100(a)(2) as applicable,[4] provides: "Trial in a court case in which a written complaint is filed against the defendant . . . shall commence no later than 180 days from the date on which the complaint is filed." Rule 1100(c)(1) provides that, "At any time prior to the time expiration of the period for commencement of trial, the attorney for the commonwealth may apply to the court for an order extending the time for commencement of trial." And rule 1100(c)(3) provides that "such motions shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that the trial cannot be commenced

_____

4. Pa.R.Crim.P. 1100 was amended on December 31, 1987 and the amendment was effective immediately. This instant action is governed by rule 1100 as provided prior to the amendment.

within the prescribed period despite due diligence by the commonwealth. . . . "

The commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of rule 1100(c). *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).

In the instant case, the written criminal complaint was filed on August 16, 1986 establishing a 180-day rundate for February 12, 1987. On November 20, 1986, Dow filed a petition for writ of habeas corpus/application to quash return of magistrate's transcript. This motion was denied by an order filed January 12, 1987. And on January 19, 1987, Dow filed an omnibus pretrial motion/petition to quash information which was disposed of on February 17, 1987.

This case was originally scheduled for trial on January 29, 1987. However, at that time the assistant district attorney announced that the case could not go to trial because of the erroneous belief that a petition for writ of habeas corpus was still outstanding. On February 10, 1987, two days prior to the 180-day rundate, the commonwealth filed a motion for extension of time for commencing trial under rule 1100.

This case was again scheduled for trial on February 24, 1987 but on February 17 Dow filed an application for continuance because of the unavailability of defense counsel. Also on February 17, 1987 Dow filed a motion to discharge the defendant pursuant to rule 1100. On March 16, 1987 a rule 1100 hearing was held before the Honorable James Knoll Gardner who granted the commonwealth's extension and denied Dow's motion to discharge. We incorporate the reasoning and authority cited in Judge Gardner's opinion of March 16, 1987. This case finally went to trial on April 1, 1987.

We reject Dow's argument that the commonwealth failed to bring this case to trial within the requirements of rule 1100. This case was originally set for trial on January 29, 1987 but was rescheduled due to the assistant district attorney's erroneous belief that a motion was still outstanding. The court concludes that the assistant district attorney's belief was reasonable and in good faith and not made in an attempt to mislead or deceive the court. Therefore, there was no lack of due diligence on the part of the commonwealth.

Pa.R.Crim.P. 1100(d)(3) provides that in determining the period for commencement of trial, there shall be excluded:

"(3) Such period of delay at any state of the proceedings as results from:

"(i) the unavailability of the defendant or his attorney;

"(ii) any continuance granted at the request of the defendant or his attorney."

In interpreting rule 1100(d)(3) numerous courts have held that during the time period in which a court is considering a defendant's pretrial motion, the defendant is considered to be unavailable, and thus, the 180-day period is extended to that extent. *Commonwealth v. Fuchs*, 372 Pa. Super. 499, 539 A.2d 1307 (1988); *Commonwealth v. Wills*, 370 Pa. Super. 173, 536 A.2d 351 (1987); *Commonwealth v. Mason*, 358 Pa. Super. 562, 518 A.2d 282 (1986), allocatur denied, 533 A.2d 711; *Commonwealth v. Bond*, 350 Pa. Super. 341, 504 A.2d 869 (1986). In *Bond*, the Superior Court stated that:

"The critical point, as I see it, is that in instituting her constitutional challenge, appellant initiated foreseeable delay for which the commonwealth was not responsible. The period extending from the date of appellant's motion to the date of the trial court's

order denying the motion should be excluded from the 180-day period. To permit the period to run while the court deliberated on the motion would be to permit appellant to wield her right to a speedy trial in an unjust and uncontemplated manner." *Id.* at 358, 504 A.2d at 878.

In the instant case, Dow filed a writ of habeas corpus on November 20, 1986, which was denied by the court per its order of January 12, 1987. This time period shall have been excluded from the original 180-day period. This excluded time period is more than sufficient to extend the 180-day rundate from the original date of February 12, 1987 to beyond the date of February 24, 1987 when the case was again scheduled for trial. At this point the case again did not go to trial but this time the delay was due to a continuance filed on behalf of Dow. Rule 1100(d)(3)(ii) provides that any delay caused by a continuance on behalf of the defendant must also be excluded from the 180-day period.

Therefore, this court concludes that the commonwealth has complied with the requirements of rule 1100. Taking into consideration the time periods for which the original 180-day rundate must be extended due to Dow's unavailability and motion for a continuance, Dow has had a trial within the requirements of rule 1100 and, therefore, the court did not err in denying Dow's motion to discharge under rule 1100.

Dow next argues that the commonwealth has failed to sustain its burden of proof in that the commonwealth failed to establish ownership of the parking lot and a non-permissive use of that area by Dow. The offense of defiant trespass, as provided by 18 Pa.C.S. §3503(b) provides that:

"(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or

remains in any place as to which notice against trespass is given by: (i) actual communication to the actor . . . (2) An offense under this subsection constitutes a misdemeanor of the third degree if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person. Otherwise it is a summary offense."

Dow does not argue that he would not be guilty if he had protested inside the Women's Center itself, nor does Dow argue that a sole tenant does not have the right to exclude a protester from the premises. Dow argues that he cannot be guilty of defiant trespass on a parking lot of a multi-business establishment. In other words, Dow argues that a single tenant of a multi-tenant establishment does not exert sufficient control over the parking lot so as to hold Dow liable for defiant trespass when he disregards the tenant's orders to leave the parking lot. The court disagrees with Dow.

Although the Women's Center did not have exclusive control over the parking lot, the Women's Center had a lease for the use of 15 undetermined parking spaces in the lot. The other tenants also had the use of an undetermined part of the parking lot. The Women's Center therefore had the use of a part and of the whole parking lot. The Women's Center and the other tenants in the building are co-tenants of the parking lot with an equal right and control over the use of the lot. Thus, the Women's Center has the right, as a co-tenant, to exclude those whom it chooses from the parking lot. The Women's Center need not obtain the consent of the other tenants before acting. In *Commonwealth v. Knight,* 276 Pa. Super. 348, 419 A.2d 492 (1980), where Knight entered the common areas of an apartment building, the Superior Court stated that in a bur-

glary case the commonwealth need not establish that every tenant in the building did not authorize Knight to enter the building in order to find that Knight was not privileged to enter the building and thus guilty of burglary. This same rational applies to the instant case.

The Women's Center is a co-tenant of the parking lot. The Women's Center had the use of an undetermined part of the whole lot. Through the use of the lot, the Women's Center derives its authority to restrict the lot from unwanted protesters. This authority exists independent of the other co-tenants' use of the lot. The other co-tenants need not also exert their authority for a restriction to be effective. A single tenant possesses sufficient authority to order a person to vacate the parking lot. Therefore, the commonwealth has established that the Women's Center had authority to order Dow to leave the parking lot. The evidence also clearly establishes that Dow had sufficient notice of his non-permissive use of the parking lot. Representatives of the Women's Center repeatedly told Dow to leave the parking lot. They even threatened to call the police if he did not leave. Once the police arrived they also told Dow to leave the parking lot. The evidence clearly establishes that Dow did not have a permissive use of the lot. Therefore, the commonwealth has sustained its burden of proof and has sufficiently established all elements of the offense of defiant trespass.

Dow next argues that as a defense to defiant trespass, the parking lot was open to the public. Section 3503(c) provides that:

"It is a defense to prosecution under this section that: . . . (2) the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises."

We must therefore decide whether the parking lot of a multi-business establishment is "open to the public" and whether Dow complied with all lawful conditions imposed on access to or remaining on the premises.

The parking lot is private property upon which the Women's Center had a lease. The lot is used for the limited purpose of enabling business invitees to utilize the services of the Women's Center, the methadone clinic and the union office. These businesses allowed business invitees to use the lot for the limited purpose of parking their vehicles while conducting business. Therefore, the parking lot was not open to the public but was open merely for the use of business invitees, of which Dow was not a member.

Regardless of whether or not the parking lot is property open to the public, Dow did not comply with the lawful conditions imposed on access to or remaining on the premises. As a matter of policy, the Women's Center barred pickets from the parking lot.

Dow knew of this policy as he had been told, prior to the date in question, that he could not picket in the parking lot. Therefore, Dow knew of this condition imposed upon his remaining on the premises and, if this condition is lawful, then Dow may not utilize the defense of section 3530(c).

Dow contends that the restriction against picketing is not a lawful condition which may be imposed in that it violates Dow's state and federal constitutional right of free speech. However, as is stated hereinafter, Dow's constitutional rights were not violated. Therefore, the restriction against picketing was a lawful constraint on access to the parking lot. As Dow did not comply with the lawful conditions imposed on access to and remaining on the pre-

mises, Dow cannot utilize the defense provided by section 3503(c). Thus, the court did not err in finding Dow guilty of defiant trespass.

Finally, Dow argues that he has a state and federal constitutional right to peacefuly exercise his freedom of expression on private property open to the public. The right of free speech protected by both the state and federal constitutions is to guarantee individuals protection against discriminatory and arbitrary bans on speech by the state and federal government. In the absence of "state action" the acts of purely private actors do not violate the constitutional rights of others and are free to enforce policies banning certain means of speech. *Western Pa. Socialist Workers v. Connecticut General Life Ins. Co.,* 335 Pa. Super. 493, 485 A,2d 1 (1984). Therefore, there must be "state action" for the speech of an individual to be protected.

In the instant case there was no "state action." The only possible action on the part of the state that may be considered to be "state action" is the arrest of Dow by the police. The arrest, however, is not the action which denied Dow his alleged right to speech. The action of the Women's Center is what prevented Dow from exercising his right. The Women's Center had a policy banning picketing. After Dow started picketing, the Women's Center repeatedly requested him to leave the premises. When Dow refused to leave, the police were called. When Dow again refused to leave, the police arrested him for defiant trespass. The police did not tell Dow to stop picketing but, at the request of the Women's Center, the police asked Dow to leave the premises. The police were not prohibiting Dow from picketing but they were merely responding to a request of a possessor of private property to remove Dow from their premises. The Women's Center was the actor

who prohibited Dow's speech due to its contents. The Women's Center is the actor who prohibited Dow from exercising his right to speech. The police did not ban or prohibit Dow from picketing but merely arrested Dow for refusing the Women's Center's request to leave. Therefore, it was the Women's Center, not the police, who prohibited Dow from exercising his right to speech. The state and federal constitutions do not extend to private institutions such as the Women's Center. Thus, there was no "state action" by the Women's Center's ban on picketing, its request of Dow to leave the premises, and the police's subsequent arrest of Dow for refusing the Women's Center's request. Therefore, the federal and state constitutions are inapplicable to the instant case. The Women's Center, a private institution, may prohibit an actor from picketing without violating the actor's state and federal constitutional rights to free speech. As this is the situation in the instant case, Dow's rights have not been violated. Therefore, Dow has properly been convicted of defiant trespass.

## ORDER

Now, June 8, 1989, after argument, review of the record and the briefs submitted by the parties, and for all of the reasons enuciated in the attached opinion, it is hereby ordered and decreed that defendant Robert Dow's post-trial motions for new trial and arrest of judgments are hereby denied.

It is hereby further ordered that the defendant shall appear for sentencing before the Honorable James N. Diefenderfer on July 25, 1989, at 9:30 a.m., Courtroom no. 3, Lehigh County Courthouse, Allentown, Pa.