567 A.2d 628

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert MARCONI, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 1989.

Decided Dec. 13, 1989.

Frank J. Marcone, Springfield, for appellant.

William H. Ryan, Jr., Dist. Atty., Sandra L. Elias, Deputy Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue raised by this appeal is whether a trial court must commence counting the 120–day limitation period for retrial set forth at Pa.R.Crim.P. Rule 1100 [1] either from the date on which the trial court grants a new trial or declares a mistrial, with exclusions made for those days on which the case is pending on appeal, or from the date that all of the appeals are disposed of and the record is remanded from the appellate court.

The facts giving rise to this appeal are as follows. On May 31, 1983, appellant, Robert Marconi, was arrested and charged with possessing prohibited offensive weapons (18

---

**1.** Rule 1100(e), as it existed in 1983 (Rule 1100 has since been amended to provide for a 120–day limitation period except where the defendant has been released on bail. Pa.R.Crim.P. Rule 1100(d), as amended December 31, 1987, effective immediately. In that instance, trial must commence within 365 days. *Id.*) when the trial court declared a mistrial provided:

(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

This provision of Rule 1100 "also applies to the period for commencing the new trial following the declaration of a mistrial." *See* Comment to Rule 1100, and *Commonwealth v. Manley,* 491 Pa. 461, 421 A.2d 636 (1980).

Pa.C.S.A. § 908); receiving stolen property (18 Pa.C.S.A. § 3925); causing or risking catastrophe (18 Pa.C.S.A. § 3302); recklessly endangering another person (18 Pa.C. S.A. § 2705); and violations of the Controlled Substance, Drug, Device and Cosmetic Act, i.e., knowingly or intentionally possessing a controlled or counterfeit substance (methamphetamine) (35 P.S. § 780–113(a)(16)); possession of a controlled substance with intent to deliver (methamphetamine) (35 P.S. § 780–113(a)(30)); and possession with intent to use drug paraphernalia (35 P.S. § 780–113(a)(32)).

The case was called for trial before a jury in the Court of Common Pleas of Delaware County, on October 19, 1983. After the prosecution and defense had rested, but before the case proceeded to closing arguments, the jury panel was reduced to eleven members due to the twelfth juror's excuse for cause. Appellant elected not to continue with this jury configuration and, on October 21, 1983, the trial court declared a mistrial for reasons of manifest necessity.

Trial was rescheduled for December 12, 1983, but on December 8, 1983, appellant filed a motion to dismiss the charges against him on grounds of double jeopardy. This motion was denied on December 9, 1983, and appellant immediately filed a notice of appeal to Superior Court. On March 22, 1985, Superior Court affirmed the trial court's order denying appellant's motion to dismiss on grounds of double jeopardy, and on April 22, 1985, the record was remanded to the trial court which then rescheduled trial for May 13, 1985.

On May 16, 1985, (the case was not reached for trial on May 13) appellant made an application for a continuance, which was granted, and the trial was rescheduled for July 8, 1985. On July 2, 1985, appellant again requested a continuance, which was granted, and the trial was rescheduled for October 18, 1985. Appellant filed a waiver of Rule 1100 at this time for the period from July 2, 1985 to October 18, 1985. On July 5, 1985, the Commonwealth filed an application for the extension of time, requesting that trial commence no later than November 5, 1985. A hearing was

scheduled on the Commonwealth's petition for September 9, 1985; however, on August 26, 1985, appellant filed a petition for allowance of appeal nunc pro tunc to this Court from the order of Superior Court of March 22, 1985, which order had affirmed the trial court's denial of appellant's double jeopardy claim.

While appellant's petition was pending before this Court, the trial court scheduled various dates for trial or status hearings, appellant executed a waiver of Rule 1100 for the period from October 21, 1985 to December 16, 1985, and the Commonwealth filed an application to extend the time for trial. Ultimately, by order dated November 26, 1986, this Court denied appellant's petition for allowance of appeal. This order was filed on December 11, 1986, and the record was remanded to the trial court on that date.

At a pre-trial conference held on January 12, 1987, the trial court scheduled the trial for January 20, 1987. On January 20, 1987, appellant filed a motion for dismissal of all aforementioned charges pursuant to Rule 1100. The trial court granted appellant's motion on the basis of Superior Court's holding in *Commonwealth v. Paprocki*, 327 Pa.Super. 270, 475 A.2d 792 (1984) (120–day period begins to run upon the entry of any order that has the effect of definitively announcing for the first time that a new trial is necessary). The trial court determined that 142 includable days had elapsed from the date on which the trial court had declared a mistrial to the date finally scheduled for trial after remand from this Court. Thus, as more than 120 days had elapsed, the trial court dismissed the charges against appellant.

The Commonwealth filed an appeal to Superior Court, and that court, *in a memorandum opinion*, reversed the trial court's order of dismissal. 379 Pa.Super. 661, 545 A.2d 385. Although we agree with Superior Court's disposition of the case, we granted appellant's petition for allowance of appeal to clarify the application of the Rule 1100 provision regarding the 120–day limitation period and to resolve the conflict between the Superior Court decisions in this case

and in *Paprocki, supra.* We also write to this issue due to the fact that Superior Court's memorandum opinions are not available for guidance to the legal community.

According to the plain meaning of Rule 1100, the triggering events for the running of the 120–day period are either 1) the date on which the trial court grants a new trial (or declares a mistrial), *and no appeal has been perfected;* or 2) *the date on which the record has been remanded to the trial court following all action by an appellate court* which either grants a new trial or affirms a trial court order granting a new trial (or declaring a mistrial). The problem herein is that the trial court, following *Paprocki, supra,* commenced counting the 120–day period from the date on which a mistrial had been declared and subtracted the days on which appellant had waived Rule 1100 and the days during which the case was pending on appeal before Superior Court and this Court. The trial court's math was correct; however, the trial court should have started counting the Rule 1100 120–day limitation period for retrial *after* all of the appeals had been resolved. Because the retrial in this case was scheduled to commence 40 days after we remanded the record, there was no violation of Rule 1100 herein.

We expressly overrule the holding of Superior Court in *Paprocki, supra,* which provided that the 120–day period begins to run upon the entry of *any* order that has the effect of definitively announcing for the *first* time that a new trial is necessary, i.e., the date on which the trial court declares a mistrial regardless of whether the criminal defendant files an appeal. Rule 1100 requires that every time an appeal is filed, the 120–day limitation period starts anew from the date the record is remanded from the appellate court. It is obvious that when a matter is on appeal, the case cannot be retried. To compute the limitation period as the trial court computed it in this case would allow defendants to manipulate the filings of their motions and appeals in such a manner that they could mathematically ensure that 120 days had lapsed and thus escape retrial. Obvious-

ly, this type of legal gymnastics will not be countenanced by this Court.

Accordingly, we affirm the order of Superior Court reversing the order of the Court of Common Pleas of Delaware County, and we remand for further proceedings.