580 A.2d 875

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Elizabeth DALESSIO.**

Superior Court of Pennsylvania.

Submitted July 9, 1990.

Filed Oct. 9, 1990.

Charles B. Coleman, Asst. Dist. Atty., Reading, for the Com., appellant.

Harry C. Jackson, Lancaster, for appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order dismissing with prejudice criminal charges filed against appellee, Elizabeth Dalessio. For the reasons set forth below, we reverse.

The record shows that appellee was arrested after a search of her residence conducted in January of 1988 by the Pennsylvania State Police revealed the presence of methamphetamine, as well as chemicals, glassware, formulas and equipment used in the manufacture of methamphetamine. The State Police had secured a search warrant, the validity of which has not been challenged in the instant appeal. Appellee was subsequently charged with possession of a Schedule II controlled substance (methamphetamine),[1] possession with intent to deliver (methamphetamine),[2] and criminal attempt to commit unlawful manufacturing of a controlled substance (methamphetamine).[3] A preliminary hearing was held on February 22, 1988 and the charges against appellee were bound over the Court of Common Pleas at Docket Number 389-88.

Prior to the preliminary hearing, The Pennsylvania State Police had secured a second search warrant for appellee's residence. The search conducted pursuant to this additional warrant resulted in the seizure of approximately ten ounces of a brown liquid (methamphetamine). Appellee was once again charged with possession of a Schedule II controlled substance (methamphetamine) and possession with intent to deliver (methamphetamine). This second set of charges was bound over to the Court of Common Pleas of Berks County at Docket Number 865-88. The two cases were subsequently consolidated for purposes of trial.

On December 5, 1988, appellee pled guilty to all the charges pending against her. On February 1, 1989, appellee was granted post-sentencing permission to withdraw her guilty pleas and the matter proceeded to trial on May 30,

1. 35 Pa.S.A. § 780–113(a)(16).
2. *Id.* § 780–113(a)(30).
3. 18 Pa.C.S.A. § 901(a).

1989. However, a mistrial was declared on June 2, 1989 because the Commonwealth sought to admit a document into evidence to which appellee had been denied access pursuant to a discovery request. The lower court ordered the Commonwealth to bring appellee to trial within one hundred twenty (120) days of the mistrial. The docket entry states that the "Rule 1100 date [is] changed to 9/30/89."

A second trial for appellee did not begin on or before September 30, 1989. She therefore filed a petition to dismiss under Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. on October 3, 1989. Following argument, the lower court granted appellee's motion and dismissed with prejudice the charges pending against her. Appellant, the Commonwealth of Pennsylvania, then filed the instant timely appeal which raises the following two issues for our consideration:

A. Does Pennsylvania Rule of Criminal Procedure 1100 as amended provide that a defendant free on bail be brought to trial within 365 days of the filing of the complaint?

B. Is an order of a court of common pleas judge granting an extension for a new trial determinative in assessing compliance with the speedy trial rule even when said order differs from Pennsylvania Rule of Criminal Procedure 1100[?]

We shall address the latter contention first.

The Pennsylvania Constitution gives our supreme court exclusive power to establish rules for the state's courts. *In re 42 Pa.C.S. § 1703*, 482 Pa. 522, 529, 394 A.2d 444, 448 (1978). Our supreme court has empowered the courts of common pleas to enact rules of local procedure governing criminal proceedings. Pa.R.Crim.P., Rules 1 & 6, 42 Pa.C.S.A. However, a court of common pleas cannot adopt a local rule which circumvents the procedural rules promulgated by the Pennsylvania Supreme court. *Commonwealth v. Pugh*, 476 Pa. 445, 449 n. 4, 383 A.2d 183, 185 n. 4 (1978); Rule 6, *supra*. We find it beyond cavil that the lower court may not abrogate the Rules of Criminal Proce-

dure by order when it has been forbidden to do so by local rule. We therefore conclude that the Court of Common Pleas of Berks County was required to apply Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. to the instant case.

■ The instant case is governed by the following provisions of Rule 1100 [4]:

(d)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial, unless the defendant has been released on bail, in which instance trial shall commence in accordance with the provision of subsection (a)(3).

Pa.R.Crim.P., Rule 1100(d)(1), 42 Pa.C.S.A. Subsection (a)(3) states:

(a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than three hundred sixty-five (365) days from the date on which the complaint was filed.

Pa.R.Crim.P., Rule 1100(a)(3), 42 Pa.C.S.A. As appellee had been released on bail, a rigidly literal construction of subsections (d)(1) and (a)(3), when read *in pari materia*, would seem to indicate that the Commonwealth was required to bring appellee to trial within 365 days of the date on which the criminal complaints were filed against her. However, a panel of this court has recently construed new Rule 1100(d)(1) to intend that:

When a trial court has granted a new trial, and no appeal has been perfected:

the new trial shall commence within 120 days of the date of the entry of the order granting a new trial, unless the defendant is released on bail, in which in-

---

**4.** This action is based on Rule 1100, as amended December 31, 1987, effective immediately. The 1987 changes to Rule 1100 promulgated by our supreme court amended former subsection 1100(e)(1) and renumbered this provision at Rule 1100(d)(1). This fact may account for the numeration inconsistencies found between appellant's briefs and the lower court opinion.

stance, the new trial shall commence within 365 days of the order granting a new trial.

*Commonwealth v. Wamsher,* 395 Pa.Super. 384, 397, 577 A.2d 595, 601–02 (1990). In the case *sub judice,* the Commonwealth was required to bring appellee to trial within 365 days of June 2, 1989, the date on which she was granted a new trial. Appellee was therefore not yet entitled to discharge on October 3, 1989. Although we are cognizant of the fact that the trial judge did not have the guidance of *Wamsher* at the time the order was entered in the instant case, we are constrained to follow Superior court precedent and reverse the ruling of the lower court. *See also Commonwealth v. Marconi,* 523 Pa. 342, 343 n. 1, 567 A.2d 628, 628 n. 1 (1989) (explicating the tolling effect of an appeal on the Rule 1100 run date).

The order of December 5, 1989 is vacated and the case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.